THIS action was brought in the circuit court by Jacob H. Fort, as administrator of the goods, &c. of James Fort, deceased, to recover froth Huling the amoúnt of an obligation, executed by Huling to the intestate, in his lifetime.
Huling appeared tó the action and pleaded, denying that Jacob H. Fort, the plaintilfin the action, was the administrator of James Fort, deceased. An issue was made up on the plea, and a jury empannelled and sworn.
On the trial of the issue, the plaintiff introduced as evidence^ the following transcript, from the records of the county court of pleas and quarter sessions, of Montgomery county, state of Tennessee, viz ;

State of Tennessee.

“ At a county court of pleas and quarter sessions, continued and held for the county of Montgomery, at the court house in the town of Clarksville, on th'c third Monday in July, Anno Domini, 1819. — Present,
Steering Nebbett, Stephen Thomas, ! Esquires, James Bowebs, r Justices.” Stephen Cocke, J
On motion, letters ©f administration, on the estate of James Fort, deceased, was granted to Jacob H. Fort, who was duly qualified, and gave bond and security agreeable to law.”
Where a copy of a record from another slate, is offered in evidence, and specific objections to' reading it, not involving any exception to the sufficiency of its authentication are ta ten in .the inferior court, and the court decide on those objections, the courtof appeals will not examine into the le gality of the authentication, but will presume that all objections to that were waived.
Suit may be maintained in this state on a grant of administration in any of the United States.
In such case, it is not necessary, that letters of administration should be ■made out in form—a grant of administration similar to that which is .usual in this country, is f sufficient,
*194 2. To the reading of this transcript as evidence to the jury, the defendant Huling, objected ; but his objections were overruled', and the transcript read. Exceptions were taken to the opinion of the court, and the only question presented tor the determination of this court, involves the correctness of the decision of the circuit court, in permitting the transcript to go in' evidence to the jury.
In reviewing the decision of that court, we shall not stop to enquire, whether or not, the transcript of the record which was introduced by the plaintiff, was authenticated in the precise form required by law. It is true, objections to the regularity of authentication, were taken in argument in this court, but those objections appear not to have been made in the court below, and as it was competent for. the defendant in that court to waive any objection to the form of authentication, this court, whose province it is, barely to revise the decisions of courts of original jurisdiction, ought to presume, after specific objections are taken in the court below, that all objections to the form of authentication, are waived by the delendant, and m this case, the record suggests the objections which were taken in the circuit court, and neither of the ob. jections relate to the regularity of authentication.
3. vVe shall, therefore, confine our inquiry to the objections taken to the transcript in the court below. Those objections are, 1st, that the transcript of record does not contain letters óf administration; and if it did, 2ndly, that letters of administration, granted by. a court in Tennessee, ought not to be received in evi. dence in a court of this country, to protfe the person to whom granted, an administrator.
An answer to the second objection, is contained in the session acts of this country, of 1811—1 Dig. Stat 53tí. That act, in terms not to be misunderstood, authorises suit tobe brought in the courts of this country by administrators who may have obtained a grant of administration in another state.
4. And with respect to the first obiection. we think it equally untenable, The transcript, it is true, does not contain letters of administration, drawn out in technical form ; but it contains a copy of the order of court, granting administration to the plaintiff, and that is all that the laws of this country require to be *195 shewn, to establish the fact put in issue in this case. If the order granting administration, had been obtained from the county court of this country, the law is explicit in favour of the sufficiency of the transcript to authorise the administrator to act, without containing formal Jitters of administration, as well as to prove that t^je plaintiff is administrator.; and there is a pro. vision contained in the act to which we have already referred ip the Digest of the Statutes, which seems to imply, that formal letters of administration are not essential, where administration has been granted in an» other state, f or, although under such a grant of ad. ministration, the administrator is allowed to prosecute suits in the courts of this country, he is required by the act to file with the clerk of the court where suit may be pending, an authenticated copy of the order of % court, granting ^administration ; and why require such a copy to be filed, if it were not intended by the legislature, that it should be evidence of the fact of administration having been granted to the plaintiff?
Hence, we infer, the objections taken in the court below, were correctly overruled, and that the judgment must consequently be affirmed with costs and damages.