ANDERSON L. DREW, Assignee of JOHN HECKART, Appellant, v. W. E. DRUM, Respondent.

St. Louis Court of Appeals, February 10, 1891.

44 25
53 553

44 25
164s 335

44 25
93 252

44 25
100 225

1. **Practice, Trial:** MANNER OF RAISING OBJECTION TO EVIDENCE. An objection to the competency of a writing as evidence, based on the ground that there is no proof of the execution of the writing, must be made specifically, so as to afford to the adverse party the opportunity of supplying the proof and thus obviating the objection.

2. **Assignment for the Benefit of Creditors:** RIGHTS OF ASSIGNEE. An assignee under an assignment for the benefit of creditors stands in the shoes of the assignor, and acquires no greater rights, as against a prior grantee of property, than the assignor himself possessed at the time of the assignment.

*Appeal from the Howell Circuit Court.*—HON. JOSEPH CRAVENS, Judge.

AFFIRMED.

*Houston James* and *Mead & Young*, for appellant.

(1) Mortgages of personal property, where possession is not delivered to the mortgagee, must be acknowledged or proved, and recorded in the same manner as the conveyances of lands. R. S. 1889, sec. 5176. (2) It is clearly provided by statute that the acknowledgment to conveyances of real estate, when taken before a justice of the peace, can be only taken before a justice of the peace within the county where the land is situated. R. S. 1889, sec. 2403. (3) A defectively acknowledged instrument is not admissible in evidence, without due proof of its execution and delivery, which has not been made in this case. *Callaway v. Fash*, 50 Mo. 420 ; *Gallagher v. Delargy*, 57 Mo. 29.

*J. J. Collins*, for respondent.

(1) A chattel mortgage, as between the parties thereto, is good, although not acknowledged and recorded. R. S. 1889, sec. 5176 ; *Johnson v. Jeffries*, 30 Mo. 423; Jones on Chattel Mortgages [3 Ed.] sec. 237. (2) A voluntary assignee for the benefit of creditors is not a purchaser for a valuable consideration. He takes no greater interest than the mortgagor had at the time of the assignment, and a mortgage valid between the parties is valid against such assignee, who takes only the interest remaining in the mortgagor at the time of the assignment, namely, the equity of redemption. Jones on Chattel Mortgages [3 Ed.] sec. 363 ; *Moser v. Claes*, 23 Mo. App. 420 ; *Heinrichs v. Woods*, 7 Mo. App. 236 ; *Tufts v. Thompson*, 22 Mo. App. 564 ; *Machine Co. v. Campbell*, 13 Pac. Rep. 324. (3) The court below committed no error in rendering judgment for defendant without finding the value of the property. *Puller v. Thomas*, 36 Mo. App. 105.

Biggs, J.—John Heckart is a resident of Howell county, Missouri. On the eighth day of December, 1888,

he executed and delivered to the defendant a chattel mortgage on certain personal property then in Howell county. The mortgage was acknowledged before a justice of the peace in Greene county. On the second day of October, 1889, Heckart made a deed of assignment to the plaintiff conveying all property for the benefit of his creditors. After the execution of the deed of assignment, the defendant had his chattel mortgage recorded, and he immediately took possession of the property thereunder. To recover possession of this property the plaintiff, as assignee of Heckart, instituted this action of replevin. There was a judgment for the defendant, and the plaintiff has appealed.

The point made and relied on by defendant's counsel for a reversal of the judgment is, that there was no sufficient proof of the execution of the mortgage. It is insisted that the certificate of the justice in Greene county was no evidence that the mortgage was executed by Heckart; that, before it could be received in evidence, it was incumbent on the defendant to establish the genuineness of Heckart's signature by some independent proof. This contention is predicated on section 5176 of the Revised Statutes, 1889, which requires chattel mortgages to be acknowledged in the same manner as conveyances of real estate. The argument is made that, as the property was situated in Howell county, and Heckart lived in that county, the acknowledgment by the justice in Greene county was a nullity.

Our trouble concerning this assignment is, that this particular objection to the mortgage as an item of evidence is made for the first time in this court. On the trial the plaintiff's counsel made the following objections to the admission of the mortgage in evidence : *First.* "Because said instrument was not recorded in Howell county, Missouri, where the mortgagor lived, and kept the property in dispute, at the time the assignment was made." *Second.* "Because said instrument was never acknowledged in accordance to the statute, the same

having been acknowledged by a justice of the peace of Greene county, as shown on its face, while the proof shows the mortgagor resided and kept the property in Douglas county, Missouri, at the time." It cannot be fairly inferred from the objections that the actual execution of the instrument by Heckart was intended to be challenged. The objections seem to have been predicated on the idea, that the mortgage, as against the plaintiff, was inoperative, because it was not properly acknowledged, and was not recorded prior to the deed of assignment.

In support of this view we find the following clause in a stipulation signed by the parties and read on the trial: "*First.* That the property in controversy in this suit is the same as intended to be included in the mortgage from Heckart to Dickerson, and dated December 8, 1888." Dickerson is the beneficiary in the mortgage to Drum. We have here at least a tacit admission that Heckart signed the mortgage. In the face of it, the plaintiff is precluded from urging the objection now made in this court. *Clark v. Conway*, 23 Mo. 438; *Russell v. Glasser*, 93 Mo. 353; *Adler v. Lange*, 21 Mo. App. 516. The reasons upon which this rule is founded are stated in a very satisfactory way in the case of *Clark v. Conway, supra.* The court used this language: "We will give no countenance, no ear, to an objection made for the first time in this court, when, if it had been made below, it could have been immediately obviated by proof. The decisions of this court, for many years, sustain this view. The party objecting to the admission of a deed, power of attorney or other instrument of writing, during the trial of a cause in the lower courts, must point out the specific objection; 'he must put his finger on it,' in the language of some of the courts, so that the court below can at once see it, and the adverse party have the opportunity of obviating it by means in his power then present; and if such objection, specific and pointed, be not made below, it shall avail nothing

here." The above is quite applicable to this case, and necessarily requires us to rule this point adversely to the plaintiff.

The objections that were really made to the mortgage on the trial cannot be sustained, and we understand from the brief of appellant's counsel that they are not seriously urged in this court. The mortgage, although not acknowledged or recorded, was good between Heckart and the defendant. *Johnson v. Jeffries*, 30 Mo. 423. If good as to Heckart, it was good as to his assignee. The plaintiff, as to the mortgage, must stand in the shoes of Heckart. The latter could convey to the plaintiff as his assignee no greater title to the mortgaged property than he himself had. Jones on Chattel Mortgages [3 Ed.] sec. 363; *Moser v. Claes*, 23 Mo. App. 420; *Heinrichs v. Woods*, 7 Mo. App. 236; *Tufts v. Thompson*, 22 Mo. App. 564; *J. I. Case Co. v. Campbell*, 13 Pac. Rep. 324.

We are of the opinion that the case was fairly tried. The judgment will, therefore, be affirmed. All the judges concur.

