# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

## THIRD DISTRICT—NOVEMBER TERM, 1894.

### The Coffeen Coal and Copper Co. v. W. S. Barry.

1. CONTINUANCES—*Copy of Account Sued on.*—Where a copy of an account filed with the declaration was not such an itemized statement as the law requires, and the defendant moved for and obtained a properly itemized copy of the account, it was held that a motion for a continuance on the ground that a sufficient copy of the account was not filed ten days before the first day of the term was properly overruled.

2. SAME—*Amended Copy of the Account Sued on—Surprise.*—Where the copy of the account sued on filed with the declaration is not sufficient, and the plaintiff upon motion of the defendant is required to and does file one which is sufficient, the fact that it was not filed ten days before the commencement of the term is not sufficient cause for a continuance unless the defendant shows that he was taken by surprise by the demand as set forth in detail.

3. SURETY—*Suit Against Principal for Money Paid—Attorney's fees.*—When a surety upon a promissory note containing a provision for the payment of attorney fees in case the note is collected by suit has paid a sum as such fees, he will be allowed to recover the amount so paid by him from his principal by showing that it was such as is usually charged by members of the bar for such services.

4. PRACTICE—*General Objections.*—It is not permissible to so frame an objection that it will serve to save an exception to the action of the court of review and yet conceal the real complaint from the trial court.

Memorandum.—Assumpsit. In the Circuit Court of Montgomery County; the Hon. ROBERT B. SHIRLEY, Judge, presiding. Common counts and plea of the general issue; trial by the court; judgment for plaintiff; error by defendant. Heard in this court at the November term, 1894, and affirmed. Opinion filed February 11, 1895.

(587)

## STATEMENT OF THE CASE.

The appellee and sixteen others, as sureties, indorsed a note for the sum of $4,000, executed by the appellant company as principal and payable to the Montgomery Loan and Trust Company.

The appellant company failed to pay its note and the Loan and Trust Company instituted suit against it, and the appellee and the other sureties recovered judgment in the sum of $4,061.21 against it and them. The note contained an agreement binding the makers thereof to pay a reasonable attorney fee if the note should be collected by suit. This clause was so framed that the fee for the plaintiff's attorney could not be included in the judgment entered upon the note. Execution was issued upon the judgment and delivered to the sheriff. The attorney for the plaintiff in the action which resulted in the judgment (who is also one of the attorneys for the appellant company in this court), prepared and delivered to the sheriff a letter addressed to the defendants in the judgment advising them that a clause in the note provided for the payment by them of a reasonable attorney fee which was not included in the judgment, and unless they would pay the fee to the sheriff when he called upon them with the execution, that suit to recover it would at once be instituted, and further that the sum of $200 would be accepted in full of such attorney's fees.

The appellee paid to the sheriff the sum of $258.70 which was one seventeenth part of the judgment and also one seventeenth part of the sum of $200 demanded as the fee of an attorney, provided for by the note but not included in the judgment. The suit at bar was an action of assumpsit brought by the appellee against the appellant company to recover the said sum so paid as its surety. Judgment in the trial court therefor, from which the appellant company prosecute this appeal.

LANE & COOPER and JAMES M. TRUITT, attorneys for plaintiff in error.

Coffeen Coal and Copper Co. v. Barry.

AMOS MILLER and C. W. BLISS, attorneys for defendant in error.

MR. JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

It is first assigned, as for error, that the court overruled the motion of the appellant company for a continuance.

The ground of the motion was the alleged failure of the appellee to file a copy of the account sued on ten days before the beginning of the term of court. An account was attached to and filed with the declaration in ample time, but it was not such a detailed and itemized statement of the plaintiff's claim as we think the appellant was entitled to demand. We regard it, however, as so far an attempt, in good faith, to comply with the requirement of the "Practice Act" as to furnish the basis for amendment whereby a continuance might be avoided. A cross-motion for leave to amend was entered but subsequently withdrawn, whereupon the appellant, instead of abiding by the exception to the action of the court in overruling its motion for a continuance, moved the court to require the appellee to file a bill of particulars. The court granted this motion and the appellee filed a detailed statement of his claim. The appellant then renewed its motion to continue the case on the ground that the bill of particulars or account had not been filed ten days before the beginning of the term. This the court overruled and the appellant saved the exception thereto. The purpose of the requirement of the "Practice Act" was fully subserved by the bill of particulars, which the court at the request of the appellant company required the appellee to place on file, unless it was taken by surprise by the demand as set forth in detail. It made no complaint of that character, but on the contrary, filed a plea of the general issue and proceeded to the trial upon its merits.

The action of the appellant company in asking the aid of the court to force the appellee to file a proper account and in thereafter pleading to the merits and entering upon the trial of the case is consistent only with the view that it had abandoned its motion for a continuance of the cause

and its exception to the action of the court thereon and elected to submit the case for determination at that term. It can not be allowed in this court to shift its position. It is next complained that the evidence was insufficient to support the judgment in this, that it was not proven that the amount paid for the fees of the attorney was reasonable. The proof upon the point was that the appellee paid a sum charged and demanded by the attorney and counselor at law who rendered the service. When it is necessary to establish the value of the services of an attorney a proper inquiry is what sum is usually charged by members of the bar for like services. Reynolds v. McMillan, 63 Ill. 46. The evidence produced was pertinent to this inquiry. It tended, however slightly, to show that the amount paid was such as attorneys charged for such services.

No specific objection to its admissibility was preferred and no proof was offered tending to overcome it. A general objection was entered, but it does not appear from the record that the precise point sought to be urged in this court was disclosed in the lower court or ruled upon by the judge thereof either when passing upon the objection or the motion for a new trial. Had proper objection been made so that the court and counsel could have known the ground thereof, no doubt such action would have been taken as to have removed all just cause of complaint. It is not permissible to so frame an objection that it will serve to save an exception for the action of a court of review and yet conceal the real complaint from the trial court. It is not contended and was not in the trial court that the amount was unreasonable. The judgment is right upon the merits and there is no error in the record demanding its reversal. It is affirmed.