E. DE BRAEKELEER & Co. (LIMITED), Respondent, *v.* HENRY SCHWABELAND and Others, Appellants.

86 143
155a 644
86h 143
50ad501

*Chattel mortgage — against whom enforcible, although not filed — evidence of value in an action to recover personal property — objection not taken on the trial not considered on appeal.*

A chattel mortgage as between the parties thereto is perfectly good although it is not filed. It is enforcible against every one except a *bona fide* purchaser or a creditor, and is void as against a *bona fide* judgment creditor with an execution in the hands of the sheriff.

Such mortgage is, however, valid as against a judgment that is fraudulent and void, and which was entered pursuant to a fraudulent scheme to cheat the creditors of the judgment debtor, and to secure for the latter some benefit out of the property seized and sold upon an execution issued upon such judgment.

In an action brought against a sheriff, to recover certain chattels taken and sold by him under an execution issued upon a judgment, the trial judge charged the jury to assess the value of the property as they deemed it to be established by the evidence, and that they could take into consideration anything that was in evidence upon the subject. The point that the jury, under such charge, fixed the value of the property as of the date of the levy by the sheriff and not as of the date of the trial was not taken by the unsuccessful party at the trial.

*Held,* that he could not raise such objection for the first time upon an appeal;

That an objection to the evidence introduced upon the trial by the plaintiff, who was the successful party, showing the value of the goods at the time of the purchase thereof, taken on the grounds only that no proper foundation had been laid therefor, and that the evidence was incompetent, was insufficient to raise the question as to the inadmissibility of such evidence as not showing the value of the property at the time of the trial.

APPEAL by the defendants, Henry Schwabeland and others, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 25th day of April, 1893, upon the verdict of a jury rendered after a trial at the New York Circuit, and also from an order entered in said clerk's office on the 21st day of April, 1893, denying the defendants' motion for a new trial made upon the minutes.

*Uriah W. Tompkins,* for the appellants.

*Daniel P. Hays,* for the respondent.

O'BRIEN, J. :

This action was originally brought against the sheriff to recover certain chattels taken by the latter under an execution upon a judgment. The property when levied upon was claimed by plaintiff, and upon demanding its return the judgment creditor, with the defendants as sureties on the bond, having indemnified the sheriff, the latter retained and subsequently sold the property under the execution. This action in replevin, therefore, though originally brought against the sheriff, was changed by the substitution of these defendants in his place.

The facts alleged in the complaint are : That on April 14, 1892, Peter R. Saitta and Edith E. Saitta, at that time in business as retail grocers under the name of Saitta & Co., as security for the payment of their several notes, amounting to $1,429.66, executed and delivered to plaintiff a chattel mortgage upon three wagons, two horses and certain harness, etc., set out in a schedule attached to the mortgage. This mortgage was not recorded until the 9th day of May, 1892. On the 7th day of May, 1892, the sheriff, under an execution that had issued upon a judgment of the City Court, wherein E. Christian Korner and Henry Schwabeland were plaintiffs and the Saittas defendants, for $383.22, levied upon the same property described in the chattel mortgage. The complaint alleged that this judgment was fraudulent and void and was entered pursuant to a plan or scheme to hinder, delay and defraud creditors of the firm of Saitta & Co., and to enable the latter to receive benefit from the judgment. Similar charges were made against another judgment in favor of Salvatore Messina, but as the defendants did not claim that the latter was valid, or seek to justify the acts of the sheriff thereunder, and based their right to a levy and sale of the property on the judgment of Korner & Schwabeland, we need not again refer to the Messina judgment.

It will, therefore, be seen that the questions involved and submitted to the jury were : That plaintiff, claiming under a chattel mortgage, sought the possession of property covered by that mortgage which had been given to it by Saitta & Co. for a good and valuable consideration, and which by its terms entitled the plaintiff when the amount due was not paid to the possession of the property mortgaged. That it was prevented from taking possession by the

entry of a judgment, the issuance of an execution and a levying of the sheriff upon the property, under a judgment which was fraudulent and void. It is conceded that the chattel mortgage was not filed until two days after the levy by the sheriff was made; but it is well settled that a chattel mortgage as between the parties is perfectly good without being filed (*Jones* v. *Graham,* 77 N. Y. 628), and is enforcible against everybody except a *bona fide* purchaser or creditor. It is equally well settled that a chattel mortgage which has not been filed is void as against a *bona fide* judgment creditor with an execution in the hands of the sheriff. We regard it also as good law that such mortgage is valid as against a judgment that is fraudulent and void, and which was entered pursuant to a fraudulent scheme to cheat the creditors of the judgment debtor and secure for the latter some benefit out of the property seized and sold upon an execution issued upon such judgment.

Upon the pleadings, therefore, the issue was fairly presented as to whether or not this judgment under which the sheriff levied was fraudulent and void. To sustain this issue upon plaintiff's part evidence was introduced tending to show that the debt upon which the judgment purported to be founded had been paid, and that, notwithstanding such payment, an arrangement, with knowledge on the part of the judgment creditors, was by their agent entered into, by which the judgment was to be entered and execution issued, the property levied upon and sold, and out of the proceeds of sale the judgment debtors were to secure to themselves the benefit of the property when bought in, or a portion of the proceeds. That this scheme was carried out, and that after the sale a portion of the amount realized was paid to the judgment debtors. In addition there was furnished evidence of the successive steps taken leading up to the entry of the judgment attacked, including the suspicious alteration of dates appearing in the judgment roll. The defendants presented evidence on their side tending to show that the claim which was the basis of the judgment had not been paid, though they admitted that they had received certain property from their debtors to an amount in excess of their claim, which they stated, however, was merely as collateral therefor and not as payment thereof. In this connection the defendants offered in evidence as an exhibit the

paper in writing signed by Saitta & Co., which states : "To satisfy the amount and claim due on a suit now pending and to be discontinued to-day, we hereby assign, transfer and set over unto Korner & Schwabeland 3 bbls. of whiskey and one barrel of sherry ; " and the plaintiff's exhibit, signed by Korner & Schwabeland, which states : "We agree to allow Saitta & Co. to pay the sum of $354, and the goods now deposited with us are to be returned within three months on payment of that amount due us." These, which are not all the evidence on the subject, are referred to as showing that a question of fact was fairly presented as to whether or not before the entry of judgment the claim upon which it was founded had or had not been paid; and this question having been properly presented to the jury, their verdict upon this branch of the case is conclusive.

As will be seen from the quotation which we make from the charge of the learned trial judge : "The question here, therefore, is whether the judgment and execution were valid. The plaintiff says they were not. They claim that judgment was entered against Saitta & Co. after the claim embraced within it had been settled and paid. The defendants' answer to this is that the claim was not paid. Their contention is that the whiskey which they received was not received under an agreement that it should be taken in payment and satisfaction of their claim. They say that it was to be received only by way of collateral, and indeed that its acceptance, even as collateral, was to depend upon its being satisfactory. They say further that when they received the whiskey they found it was not what it was represented to be, and that they notified Saitta & Co. that they would not accept it. That again is denied upon the other side, and that raises the question of fact for your determination."

The other question, as to whether the judgment was entered and the execution issued for the purpose of cheating and defrauding this plaintiff and preventing its executing its mortgage, was, upon the evidence, a question of fact, and under proper instructions was submitted by the court for the determination of the jury.

There was no exception to the charge, and all the questions involved having been fairly and clearly presented, the verdict of the jury upon the facts is conclusive.

In addition to the question raised upon the motions to dismiss

upon the complaint and the opening, and when the testimony of the plaintiff was closed, which, as we have endeavored to point out, were properly denied, the appellants have pressed upon our attention one or two other questions which may be briefly referred to.

They insist that the jury fixed the value of the property as of the date of the levy by the sheriff, while the Code requires that the value should be as of the day of trial. This question was not raised below, nor was any exception taken to the charge of the judge upon this subject; the fact being that the judge charged that the jury were to assess the value of the property as they deemed it to be established by the evidence, and at the instance of the defendants' counsel, who asked that the jury be permitted to consider the testimony of the value of the property as given by the deputy sheriff who sold it, the court stated that they could take into consideration anything that was in evidence upon that subject. While, therefore, the point was not made at the proper time, and is not now available, it is still insisted that the plaintiff, under defendants' objection, was permitted to show the value at the date when some of the goods were purchased, two or three months prior to the time of the seizure. That the exceptions thus relied upon are not good either in form or substance is easy of demonstration. The witness who purchased the wagons was on the stand, and testified that he had bought and sold horses and wagons before that time, and was familiar with their value, and after this testimony showing his competency, the question was asked him : " What were those wagons worth ? " To which he answered : " We paid $190 apiece for them." Then came the objection that no foundation had been laid for the question. When the questions were asked, " What was the value of the horses ? " and again, " What was the value of this harness ? " objections were made upon the same ground, and the further one that it was incompetent; neither of which was good.

The other rulings upon evidence complained of relate to conversations between one of the Saittas and the agent of Korner & Schwabeland, out of which the arrangement grew which resulted in the fraudulent scheme and the entry of the fraudulent judgment complained of. It is insisted that such conversations were not competent as against the sheriff or these indemnitors. This is but another way of urging that it is not competent for the plaintiff to

148 PEOPLE ex rel. HECKER MILLING CO. v. BARKER.

First Department, April Term, 1895. [Vol. 86.

show the fraudulent scheme or the fraudulent judgment; the mere statement of which proposition it seems to us answers itself.

Upon examination of the record, therefore, we fail to find any merit in the appeal. We think that the judgment was right, and should be affirmed, with costs.

Van Brunt, P. J., and Follett, J., concurred.

Judgment affirmed, with costs.