(69 App. Div. 130.)

NORTON v. WEBBER.

(Supreme Court, Appellate Division, First Department. February 7, 1902.)

1. PERSONAL INJURIES—NEGLIGENCE—EVIDENCE—SUBMISSION TO JURY.
    While plaintiff, a laborer, was working in an excavatiˑn, being made close beside and along a railway track, he was injured by defendant's wagon slipping from the track into the excavation. The cross streets were open for travel. The driver testified that he was proceeding along the street on which the excavation was being made, and when he came to where the excavation began the way was blocked, and he turned into the street railway track, driving with one wheel between. the two tracks, but, meeting another team, he was compelled to turn toward the excavation, when the other vehicle struck his horse, which became unmanageable, and backed the wagon into the trench. There was evidence that he had notice of the condition of the street, and was driving at a very rapid rate, with the wheels in the grooves of the track, where a very slight deviation would throw the wagon into the trench. Held, that the evidence required the submission of the question of negligence to the jury, and sustained a verdict for plaintiff.

2. EVIDENCE—FOUNDATION—APPEAL.
    Where some foundation was laid for evidence, and no objection was made on that account, the objection that there was not sufficient foundation could not be urged on appeal.

3. SAME—HARMLESS ERROR.
    In an action for personal injuries by the alleged negligence of defendant's driver, the driver testified, on cross-examination, that he knew the officer who had arrested him after the accident; "remembered coming out of court with him one day, but did not remember talking to him about the accident, nor remember one day the officer asking him how it happened." Subsequently the officer was called, and asked what the driver said to him, and the statement was admitted to contradict the driver, and not as an admission binding on defendant. Held that, while a proper foundation was not laid, the driver's attention was sufficiently drawn to what occurred between him and the policeman,

so that it was not probable that, if the precise time and place had been specified, he would have changed his statements in accordance with those made by the policeman, and hence there was no prejudicial error in admitting the evidence.

Van Brunt, P. J., dissenting.

Appeal from trial term, New York county.

Action by John Norton against Richard Webber. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Thomas P. Wickes, for appellant.
Louis Steckler, for respondent.

LAUGHLIN, J. This is an action to recover damages for personal injuries alleged to have been sustained by the plaintiff through the negligence of the defendant. On the 3d day of November, 1898, the firm of Naughton & McMahon was engaged in performing a contract with the Third Avenue Railroad Company for the excavation of trenches along either side of the street railway tracks in Third avenue, incident to changing the motive power from cable to electricity. These trenches were between three and four feet in width, and about the same depth. For some blocks above 123d street the trenches had been wholly or partly excavated. In the block between 122d and 123d streets several laborers were at work excavating a trench just outside the outer rail of the track on the westerly side of the street. One foreman had charge of the work in the northerly half of the block, and another in the southerly half. Commencing near the northerly crosswalk of 122d street, the trench had been excavated the full width, but not quite the entire depth, for a distance of 40 or 50 feet to the north. Towards the northerly end of this last-mentioned excavation laborers were engaged with picks in loosening the earth at the bottom of the trench, and towards the southerly end the plaintiff and a fellow workman were engaged in shoveling the earth thus loosened from the bottom of the trench to the surface of the pavement on the westerly bank of the trench. The plaintiff while thus engaged, and in the act of stooping forward with his face to the south, was caught and pinioned to ground, and elevated railway pillar by the defendant's two-wheeled butcher cart, which was being driven southerly along the south-bound street railway track, and came into the trench and upon him.

The appellant contends that the verdict is against the weight of evidence. The cross streets were open for public travel. The objective point of the defendant's driver was downtown, and not any place in the block in question. He testified that he was driving on the westerly side of the avenue, and when he came to 122d street the way was blocked by horses and dirt carts in the employ of the contractors, and that thereupon he turned into the street railway tracks, and drove with the right wheel along the cable slot, and the left wheel between the two tracks, until he came near 122d street, when he was obliged to turn to the right, owing to the approach of a vehicle on the north-bound track. He says that this vehicle, on at-

tempting to turn to the east, slid along the track, and struck his horse's head, and that thereupon the horse became unmanageable, and backed his cart into the trench. In this testimony he is corroborated by other witnesses. On the other hand, there was testimony of eyewitnesses that defendant's driver had notice of the condition of the street, and of the fact that laborers were at work in this trench, which had been excavated up to the westerly rail of the track along which he was driving; that he was driving at a very rapid rate, with the wheels of his vehicle traveling in the grooves of the rails, where a very slight deviation would precipitate the cart into the trench. The case was submitted to the jury by a fair and impartial charge, by which they were instructed that, if the accident occurred as claimed by the defendant, he was not liable.

We have carefully reviewed the evidence, and are convinced that it was not only sufficient to require the submission of the case to the jury, both on the proposition of plaintiff's freedom from contributory negligence and defendant's negligence, but it is also sufficient to sustain the verdict of the jury upon this question.

Only one exception is called to our attention by appellant. The defendant's driver was arrested by Police Officer McGowan, and was required to appear at the 121st street magistrate's court. Upon the trial of this action, after the driver testified as hereinbefore stated, the record shows further testimony by him on cross-examination in narrative form as follows:

"I know the policeman, Officer McGowan. I know who he is. I do not remember talking to him about the case. I remember coming out of court one day with him. I do not remember his asking how it happened. I remember the 121st street court. I don't know whether Mr. Steckler was in court there. He might have been there and might not. I do not remember one day Mr. McGowan asking me how it happened, and my saying to him my wheel slipped into the trench. It did after the horse backed. I do not remember saying that the wheel slipped into the trench, or that I was trying to cross the street, and my wheel slipped into the trench. I don't remember that I said that to him. I don't know whether I did or not. I will not say I did not say it to him. I won't swear that I did, and I won't swear that I did not."

Subsequently the policeman testified that he had a conversation with defendant's driver at the time of his arrest. He was then asked what defendant's driver said to him, and he answered, without objection: "It is a fact that I had a conversation with him in which he told me that the wheel went into the trench." The record then shows that the court asked, "Might it not be that it would contradict the driver's testimony upon the stand as to his version of the accident?" which indicates that some objection, not disclosed by the record, was raised. Plaintiff's counsel thereupon stated that the object of the testimony was as indicated by the court, whereupon the court said that the evidence was received for the purpose of contradicting the testimony of the defendant's driver, but not as an admission or declaration binding on the defendant. Defendant's counsel thereupon said:

"I think it is still incompetent because it relates to a collateral matter brought out by my friend on cross-examination and he is bound by the answer of the witness. I think it is all incompetent and irrelevant, being long after the accident."

The court again repeated, as already stated, the limited purpose for which the evidence was received. The record then shows, "Objection overruled; exception taken by defendant's counsel;" and the witness further testified:

"I asked Stewart how his wagon came to go into the trench, and he told me he was coming down Third avenue, and when down near 122d street he started to cut across the street, and get on the other side of the avenue, and the wheel slipped into the ditch. He did not say anything about his horse backing. He never claimed it at any time, to my knowledge."

It is now urged that no foundation was laid for this evidence. It is contended that defendant's driver's attention was not drawn with sufficient definiteness to the time and place when it was claimed he made these declarations to the police officer to warrant admission of independent evidence as to his declarations for the purpose of contradicting his testimony. This position is untenable, for the reason that the objection was not taken upon the trial. It will be observed that the objections were that the evidence was incompetent, because relating to collateral matter brought out on cross-examination, and that consequently the answers were binding upon the plaintiff, and, further, that it was incompetent and irrelevant on account of being long after the accident. No objection being raised on the precise ground that a proper foundation had not been laid, the court had a right to assume, in view of the fact that there was some foundation laid, that no question was presented in that regard. Had this objection been taken, it could have been promptly obviated by calling the witness. While, strictly speaking, a sufficient foundation was not laid by his testimony, it is quite evident that his attention was sufficiently drawn to what occurred between him and the policeman, so that, if the precise time and place had been specified, it is not probable that he would have admitted having said the accident occurred as claimed by the plaintiff, instead of as already testified to by himself. We therefore find no prejudicial error in the reception of this evidence.

It is strenuously urged that the verdict is excessive. The verdict seems large, but it is fairly sustained by the testimony of the plaintiff and his physicians. In view of the nature of the accident and the manner in which the injuries were received, their testimony is not open to suspicion which would justify this court in either reducing the verdict or awarding a new trial.

The judgment and order should therefore be affirmed, with costs.

PATTERSON, INGRAHAM, and HATCH, JJ., concur.

VAN BRUNT, P. J. (dissenting). While I think a recovery should be had in this case, it seems to me that the damages are excessive. The plaintiff undoubtedly was badly injured, but the sum which was awarded by the jury seems to be exceedingly large, in view of what had been his earning capacity. It is true that for pain and suffering he is entitled to compensation as well as because of disability, yet, in considering the whole question, it would appear that a larger sum was awarded than the evidence justified.