FIRST NATIONAL BANK OF RICHMOND, INDIANA, v. GERTRUDE SCHMITZ.[1]

June 19, 1903.

Nos. 13,508—(54).

**National Bank—Evidence of Incorporation.**

> To prove that plaintiff was duly incorporated, an authenticated copy of a certificate of the Comptroller of the Currency of the United States government, certifying that plaintiff had complied with all the provisions of the statutes of the United States in reference to national banks, and was authorized to commence business as a banking corporation, was offered in evidence, to which defendant objected as "incompetent, irrelevant, and immaterial, not properly authenticated, and not certified by any person or officer having the custody of the original, or authorized by law to certify to a copy." It is *held* that the objection is insufficient to raise the question whether a copy of such certificate was competent evidence. The objection directed attention only to the question whether the copy was properly authenticated.

**Evidence.**

> The evidence is conclusive that plaintiff is the bona holder and owner of the note in suit.

Appeal by defendant from an order of the district court for Brown county, Webber, J., denying a motion for a new trial, after a trial and verdict in favor of plaintiff for the sum of $795.23. Affirmed.

*Somerville & Olsen* and *Hoidale & Somsen,* for appellant.

*Pfau & Pfau, L. W. Prendergast,* and *Albert Steinhauser,* for respondent.

BROWN, J.

Action to recover upon a promissory note. At the trial below a verdict was directed for plaintiff, and defendant appealed from an order denying a new trial.

The facts are as follows: The promissory note sued on was made and delivered by defendant's intestate and another to Robinson & Co. in payment of the purchase price of a threshing machine. Before

[1] Reported in 95 N. W. 577.

the maturity of the note, the payees sold and indorsed the same to plaintiff in this action. Defendant interposed in defense a breach of warranty, alleging that the note was given in payment of the threshing machine, that the machine was warranted in certain respects, and that there was a breach of the warranty, and consequent damages to the purchasers.

Only two questions are presented in this court: (1) Whether the court erred in receiving certain evidence tending to show the incorporation of plaintiff; and (2) whether it erred in holding that the evidence was conclusive that plaintiff was a bona fide owner and holder of the note.

1. The complaint alleges that plaintiff is a corporation, and the allegation is expressly denied by the answer. To prove its due incorporation, plaintiff offered in evidence a duly authenticated copy of a certificate made by the Comptroller of the Currency of the United States government, issued under R. S. U. S. § 5169 [3 U. S. Comp. St. (1901), p. 3474], certifying that plaintiff had complied with all the provisions of the statutes of the United States in reference to national banks, and was authorized to commence business as a banking corporation. Defendant objected to this on the ground that it was "incompetent, irrelevant, and immaterial, not properly authenticated, and not certified by any person or officer having the custody of the original, nor authorized by law to certify to a copy." The point made in this court is that a copy of the Comptroller's certificate, issued under the section of the statute referred to, was incompetent evidence; that the original, only, could be received as proof of the incorporation; that the only proper evidence of the incorporation of a national bank is the certificate issued under R. S. U. S. § 5134 [3 U. S. Comp. St. (1901), p. 3454].

The objection made on the trial raised for the consideration of the trial court the question whether the copy was properly certified, and was insufficient to direct attention to the point now made, namely, that it was not a case where a copy of record is admissible in evidence in place of the original; and, though it may have been necessary for plaintiff to prove its corporate character, the objection to the evidence was insufficient to raise the point now made, and the question cannot be considered.

2. The evidence is clear that Robinson & Co., payees of the note, long before it became due, sold and indorsed the same to plaintiff, receiving either a credit on its books for the face value thereof, less a discount of six per cent., or the money, and the court was justified in holding that plaintiff was a bona fide purchaser of the note. A verdict to the contrary, on the evidence as shown in the record, could not be sustained.

Order affirmed.