## CARLTON GRAVES v. FREDERICK W. BONNESS.[1]

February 16, 1906.

Nos. 14,443—(48).

**Objection to Evidence.**

When an objection to the admission of evidence is so general as not to indicate the specific grounds upon which it is made, it is unavailing on appeal, unless it be of such a character that it could not have been obviated.

**Same—Foundation.**

Whenever the objection that no sufficient foundation is laid clearly results in the reasonable and natural misdirection of the attention of the trial court and of opposing counsel to only certain of a larger number of possible phases of preliminary proof, and in a correct ruling thereon, an appellate court will not reverse a cause because of failure of preliminary proof upon different phases, in the absence of any reason why that proof might not have been supplied.

[1] Reported in 107 N. W. 163.

##### Admission of Letter.

In this case the objection of no foundation laid to the admission of a letter was reasonably understood by the court and opposing counsel to refer to lack of the authority of the agent writing that letter to bind his principal by it. After trial the point was raised, for the first time, that there was no evidence that the letter had ever been mailed, or sent to, or received by the plaintiff. The letter, produced by the plaintiff, referred to previous communications between the parties. Plaintiff was in court, apparently able to prove mailing and receipt. Under such circumstances a verdict for the plaintiff will not be set aside because of insufficient. foundation for the admission of that letter.

##### Verdict.

The verdict is *held* justified by the evidence, and the calculation of its amount reasonable, in view of the testimony as to the terms of a contract and as to its performance.

##### Remarks of Counsel.

The trial court did not abuse its discretion in holding that certain remarks of counsel for the plaintiff to the jury did not work such prejudice as to constitute reversible error.

Action in the district court for Hennepin county to recover from defendant a balance of $73,842.73 alleged to be due for saw logs sold and delivered. The case was tried before Simpson, J., and a jury, which rendered a verdict in favor of plaintiff for $37,827.23. From an order denying a motion for a new trial, defendant appealed. Affirmed.

*H. B. Fryberger* and *Brown & Kerr,* for appellant.

*F. E. Ebner,* for respondent.

JAGGARD, J.

This was an action brought to recover payment for three seasons' cut of saw logs, delivered by the plaintiff and respondent to defendant and appellant. Plaintiff demanded judgment for $73,842.73. The answer prayed the judgment of the court that the plaintiff recover against the defendant the sum of $584.62, and no more. The main issue tried to a jury concerned the contract between the parties. The jury brought in a verdict of $37,827.23. From an order of the district court denying defendant's motion for a new trial, this appeal was taken.

1. The principal assignment of error was addressed to a ruling on the part of the trial court in receiving in evidence a letter of defendant's bookkeeper, Rosche, to the plaintiff. For present purposes, it is conceded that, if the objection to the offer of this lettter was sufficient, the case must be reversed, and that Exhibit 3 was originally offered in evidence after defendant had, on cross-examination by plaintiff, testified as to Rosche's charge of the business, when the defendant was away, and as to his connection with the firm correspondence. The objection was on the ground "that it is incompetent, irrelevant, and immaterial, and no foundation laid." The court sustained the objection at that time on the ground of insufficient foundation. Subsequently the deposition of Rosche, the writer of the letter, was introduced inter alia. It strongly tended to show Rosche's authority to write the letter for defendant. The record of its final admission in evidence is as follows:

Mr. Barker: Now, Exhibit 3 is not in, I believe. That has been offered, and it was refused at that time. It seems to me that at the present time this exhibit is perfectly proper. I will offer it again.

Mr. Brown: Objected to upon the ground it is incompetent, irrelevant, immaterial, and no foundation laid.

The Court: The objection is overruled. I think the testimony in the deposition since this letter was offered would make the letter competent.

It is obvious that the point, and the only point, to which the attention of the court and of opposing counsel was in fact directed, was the authority of Rosche, as agent for the defendant, to write the letter. In the brief of counsel for defendant in this court it is said:

The remark of the court concerning the admissibility of the letter [which has just been quoted] would seem to indicate that he had in his mind at that time only one phase of the matter, so far as the foundation for the letter was concerned, and that he ruled upon the objection to it without sufficiently considering all of the reasons against its reception presented by the objection to its competency and materiality.

It was not the province of the trial court to see that counsel offering evidence had rendered that evidence competent for admission by laying sufficient foundation, or that objecting counsel had formulated an appropriate and specific objection; but to rule upon the objections as reasonably and fairly interpreted in the light of the immediate circumstances. When the court and opposing counsel, as in this case, are clearly misled by the ambiguous character of the objections in connection with the previous course of the testimony, it is not material whether the objecting counsel deliberately tried to "draw the wool over the court's eyes," or resorted to the dialectical strategy of a masked battery, or allowed the point to escape him. A reversal in an appellate court because of error in a consequent ruling by the trial court will not reward such deceit, sharp practice, or inadvertence. There is nothing in this record, however, which imputes bad faith to the objecting counsel. It fairly appears from the record that the point now made was not in mind at the time the objection was interposed. However, they waived the point that plaintiff's counsel failed to show delivery of the letter, alike whether that point did not suggest itself to them or whether they saw it, but were silent because the plaintiff, who produced the letter, which on its face purported to be in answer to previous correspondence between the parties, was in court apparently able to supply the missing link. In any view of the case the defendant cannot now be heard to complain of the admission of the letter in evidence, because of their omission in fact to interpose a correct and specific objection.

This conclusion is fully sustained by authorities, general and specific. "A party objecting to the introduction of evidence must state his point so definitely that the court may intelligently rule upon it and the opposing party may, if the case will admit of it, remove the objection by other evidence." Gilfillan, C. J., in Gilbert v. Thompson, 14 Minn. 414, 416 (544). And see U. S. v. McMasters, 4 Wall. 680, 18 L. Ed. 311; Burton v. Driggs, 20 Wall. 125, 22 L. Ed. 299; Wood v. Weimar, 104 U. S. 795, 26 L. Ed. 779. "The rule is universal that, when an objection is so general as not to indicate the specific grounds upon which it is made, it is unavailing on appeal, unless it be of such a character that it could not have been obviated." Justice Field in Noonan v. Caledonia Gold Min. Co., 121 U. S. 393, 7 Sup. Ct. 911, 30 L. Ed.

1061. And see cases collected 8 Enc. Pl. & Pr. 218. This "cardinal principle, no sooner repeated by courts than it is forgotten by counsel" (1 Wigmore, Ev. § 18), has been applied with unwavering rigidity in uncounted hundreds of cases to the permutations and combinations of the conventional words "incompetent," "irrelevant," and "immaterial." 46 Cent. Dig. cols. 944 to 967, §§ 194, 211; 4 Current Law, 1392, § 8. It has been reiterated time after time by this court. Califf v. Hillhouse, 3 Minn. 217 (311); Schwartz v. Germania Life Ins. Co., 21 Minn. 215; Craig v. Cook, 28 Minn. 232, 236, 9 N. W. 712; Stillman v. Northern Pacific R. Co., 34 Minn. 420, 26 N. W. 399; McDonald v. Peacock, 37 Minn. 512, 514, 35 N. W. 370; Bromberg v. Minnesota Fire Assn., 45 Minn. 318, 47 N. W. 975; Triggs v. Jones, 46 Minn. 277, 280, 48 N. W. 1113; Thompson v. Ellenz, 58 Minn. 301, 307, 59 N. W. 1023; Hall v. Connecticut Mut. Life Ins. Co., 76 Minn. 401, 408, 79 N. W. 497. And see cases collected in Dunnell, Minn. Pr. §§ 1813–1815.

The almost unanimous concurrence of all these cases in an emphatical refusal to treat as reversible error the admission of evidence upon an objection not clear and specific enough to point out to the court exactly what question was raised shows how unjustified are the current criticisms that American appellate courts rule on such questions to sustain or reverse the trial courts because of convictions as to the merits of the case, or for other reasons which they are unwilling or unable to express; and that American courts, to a deplorable extent, avoid verdicts for trivial violations of merely technical requirements of the rules of evidence which are unknown in other common-law countries.

The reasoning of the law in this connection is admirably set forth by Dunne, C. J.: "The object of requiring the grounds of objection to be stated, which may seem to be a technicality, is really to avoid technicalities and prevent delay in the administration of justice. When evidence is offered to which there is some objection, substantial justice requires that the objection be specified, so that the party offering the evidence can remove it, if possible, and let the case be tried on its merits. If it is objected that the question is leading, the form may be changed; if that the evidence is irrelevant, the relevancy may be shown; if that it is incompetent, the incompetency may be removed; if that it is immaterial, its materiality may be established; if to the

order of introduction, it may be withdrawn and offered at another time—and thus appeals could often be saved, delays avoided, and substantial justice administered. Counsel are held to the grounds of objection stated at the time they call for a decision of the judge below, because they are supposed to know the law of their case, and, if they do not offer other objections, they are supposed to waive them, and evidence admitted without valid objection should stand. Counsel must not be permitted to wink at the introduction of evidence to which they think there is a valid objection, hoping that it may benefit them, and, if it goes the other way, move to exclude it; neither must they be permitted to plead inattention as an excuse. It is their business to be attentive on a trial, and, if they miss a point by neglect, they must lose it. Neither can we allow them to strike between wind and water on the trial, and then go home to their books and study out other objections and urge them here. They must stand or fall upon the case they made below, for this court is not a forum to discuss new points of this character, but simply a court of review to determine whether the rulings of the court below on the case as presented were correct or not." Rush v. French, 1 Ariz. 99, 124, 25 Pac. 816. And see 1 Thompson, Trials, § 693.

This general rule has been applied to almost every possible formula of objection and exception. The courts have refused to regard as sufficient basis for reversible error at one extreme, ambitious, obvious or humorous generalities, like "subject to all legal objections" (Willard v. Pike, 59 Vt. 202, 9 Atl. 907), or "on all grounds ever known or heard of" (Johnston v. Clements, 25 Kan. 376), and, at the other extreme, objections apparently specific, but really equivocal and sometimes dangerously deceptive, including those which are addressed to preliminary proof in general. The objection to such proof will not be reviewed unless it distinctly appears that the paper was objected to at the trial on the particular ground assigned as error on appeal. Morris v. Henderson, 37 Miss. 492, 501; Norton v. Webber, 69 App. Div. 130, 74 N. Y. Supp. 524; Crawford v. Witherbee, 77 Wis. 419, 46 N. W. 545, 9 L. R. A. 561; Payne v. South Springfield, 161 Ill. 285, 44 N. E. 105; Drew v. Drum, 44 Mo. App. 25; Conway v. Case, 22 Ill. 127. And see 8 Enc. Pl. & Pr. 235.

There is an especial reason for enforcing the rule where the objection is calculated in effect, if not also in intention, to mislead the trial court into ruling correctly upon one aspect of an equivocal objection, and where it is then sought in an appellate court to reverse his holding, because of another aspect of the case not presented on trial. Stillman v. Northern Pacific Ry. Co., supra; Bedal v. Spurr, 33 Minn. 207, 22 N. W. 390; Nelson v. Chicago, M. & St. P. Ry. Co., 35 Minn. 170, 28 N. W. 215; Swaim v. Swaim, 134 Ind. 596, 33 N. E. 792; Chicago v. Champion, 9 Ind. App. 510, 36 N. E. 221, 37 N. E. 21, 53 Am. St. Rep. 357. The rule is enforced in order to promote frankness and fair dealing in the trial of cases. Cannady v. Lynch, 27 Minn. 435, 439, 8 N. W. 164. It is not permissible to so frame an objection that it will serve to save an exception for the action of the court of review, and yet conceal the real complaint from the trial court. Boggs, J., in Coffeen v. Barry, 56 Ill. App. 587, 590. In accordance with the general principle that parties must abide by the consequences of their own acts, a party cannot, on appeal, complain of an error in the lower court which he was instrumental in causing or which he invited, whether error was committed by himself alone or by the court at his instance. 2 Current Law, 1590. Accordingly, where the conduct of a party is such as to induce the opposing counsel and the court to act upon the assumption that further preliminary proof was waived, he cannot be heard, on review, to complain of the failure of preliminary proof. Thomasson v. Wilson, 146 Ill. 384, 34 N. E. 432; Huling v. Fort's Administrator, 12 Ky. 193.

The objection that no sufficient foundation is laid might be sustained because of failure to show a number of different matters of necessary proof. In some cases it amounts to little more than the general objection of incompetency. In others it may be sufficiently definite in fact. But whenever it clearly results in the reasonable and natural misdirection of the attention of the trial court and of opposing counsel to only certain of a larger number of possible phases of preliminary proof, and in a correct ruling thereon, an appellate court will not reverse a cause because of failure of preliminary proof upon different phases in the absence of any reason why that proof might not have been supplied. McElroy v. Williams, 14 Wash. 627, 45 Pac. 306; De Braekeleer v.

Schwabeland, 86 Hun, 143, 33 N. Y. Supp. 212; Stahl v. City of Duluth, 71 Minn. 341, 347, 74 N. W. 143; First Nat. Bank v. Schmitz, 90 Minn. 45, 95 N. W. 577. And see Cox v. Gerkin, 38 Ill. App. 340; McDaneld v. McDaneld, 136 Ind. 607, 36 N. E. 286; Mathews v. Herron, 102 Iowa, 45, 67 N. W. 226, 70 N. W. 736; Ingram v. Smith, 38 Tenn. 411. Cf. Kenosha v. Shedd, 82 Iowa, 540, 546, 48 N. W. 933. In this case a verdict of $37,827.23 will not be set aside merely because of defendant's own omission to interpose an unequivocal and specific objection whereby the testimony might have been excluded or the missing link supplied. The assignment of error fails because under the circumstances of this case the objection was fatally ambiguous, and, in fact, misled the court.

2. The defendant further insists that the verdict in favor of the plaintiff and against the defendant is contrary to the weight of the testimony as a whole, and is totally unjustified by the evidence in amount.

The chief confidence of the defendant, however, as counsel argues in his brief, is in the point that a verdict in favor of the plaintiff upon the main issue, as to the price that he was entitled to receive for the logs, is contrary to the great weight of the testimony in the case, and it is manifest that the jury must have found in favor of the plaintiff upon this issue, for in no other way could it by any possibility have found a verdict in his favor for more than the $8,000 in dispute, on the face of the account.

So far as the disputed terms of the contract are concerned, we are satisfied from a careful examination of the entire record that the testimony did not so preponderate in defendant's favor as to justify this court in setting aside the verdict under the familiar rule in that regard. Dunnell, Minn. Pr. §§ 1654, 1655. In reaching this conclusion, we have conceded that not much weight is to be attached to the inconsistencies between defendant's testimony on the witness stand and the allegations of his verified answer. The amount of the verdict was not only reasonable in itself, but was reached on a tenable basis for calculation correctly made. One possible basis for calculation appears in the brief of plaintiff. It would only incumber the record to no good purpose to reproduce it here or to discuss the testimony in detail.

3. The assignments of error based upon the alleged misconduct of

the counsel for plaintiff in argument to the jury are not sufficient to justify the avoidance of the verdict. He stated to the jury, among other things, that the logs in question cost the plaintiff $8 per thousand, and that the plaintiff had no other property than that involved in this litigation. In view of the testimony, of the charge of the court, and of the judgment of the trial court that this did not constitute prejudicial error, we are unable to see any reason why this court should hold that the trial court abused its discretion.

Order affirmed.

ELLIOTT, J., dissents.