CARLTON GRAVES v. FREDERICK W. BONNESS.[1]

May 1, 1908.

Nos. 15,077—(10).

**New Trial,**

*Held,* upon the facts stated in the opinion, that the trial court did not err in denying a motion herein for a new trial on the ground of newly discovered evidence.

Appeal by defendant from an order of the district court for Hennepin county, Simpson, J., denying his motion for a new trial and his application to file a supplementary and amended answer. The facts are stated in the opinion. Affirmed.

*Kerr & Fowler,* for appellant.

*F. W. Hall,* for respondent.

START, C. J.

This is the second appeal in this action. 97 Minn. 278, 107 N. W. 163. On the trial of the action in the district court of the county of Hennepin the plaintiff had a verdict for $37,827.23, and the defendant appealed from an order denying his motion for a new trial on the grounds of errors in law and that the verdict was not supported by the evidence. The order was affirmed by this court, and the cause remanded. Thereafter the defendant made a motion for a new trial on the ground of newly discovered evidence and for leave to file an amended and supplemental answer herein. The motion was denied, and the defendant appealed from the order denying it.

If that part of the order which denied the motion for a new trial was correct, it follows that the whole of the order was correct; for

[1] Reported in 116 N. W. 209.

only in the event of a new trial could an amendment of the answer be of any benefit to the defendant. The only question, then, here to be considered, is whether the trial court erred in denying the motion for a new trial.

A decision of this question depends very largely upon the issues made by the pleadings as to the second cause of action alleged in the complaint, which were litigated by the parties and settled by the verdict. Counsel do not agree as to such issues and the relation of the parties to each other. The allegations of the second cause of action are, briefly stated, to the effect that the parties hereto entered into a contract whereby they agreed that the plaintiff should deliver certain logs to the defendant to be sold by him for the plaintiff, the proceeds thereof to be paid to him, less all advancements of money and equipment for procuring, cutting, and delivering the logs, made by defendant to the plaintiff, and less one dollar for each thousand feet of logs sold by him for the plaintiff; that the plaintiff, pursuant to the contract, delivered to the defendant the logs, which he sold and received the full purchase price therefor; and, further, that the defendant had paid to the plaintiff only a portion of the money so received for him. Judgment was demanded for the balance unpaid. The answer denied the alleged agreement, and alleged, in effect, that the parties entered into a contract whereby the defendant purchased the logs which were delivered to him by the plaintiff at eight dollars per thousand feet, and that he had paid to the defendant the full purchase price for all logs delivered to him, less the amount of advances made by him to the plaintiff. On the trial the main issue related to the nature of the contract and the relation of the parties created by it. The verdict established that the contract was, as the plaintiff claimed, one of agency, and not of sale, as claimed by the defendant.

No claim is made that the alleged newly discovered evidence is relevant to the issue as to the terms of the contract and the relation of the parties, and in considering the merits of the defendant's motion for a new trial we assume, as we must, that the contract was one of agency, and that this action, in legal effect, is one by a principal against his, agent for money received by him for his principal. The record herein and affidavits used on the motion strongly tend to show that the quan-

tity of the logs delivered to the defendant by the plaintiff was based upon the deputy surveyor general's scale bills, which were delivered to the defendant, who believed them to be correct, and that the verdict in this case against him must have been based upon the quantity of the logs as shown by the scale bills; that he sold the logs in his own name, without disclosing his principal, to third parties upon the basis of the scale bills, and warranted them to be correct as to the quantity and quality of the logs; that he received from such purchasers the full amount of the purchase price for the logs as shown by the scale bills; that the purchasers of the logs, after they had paid for them in full, discovered, as they claim, that the defendant, in making the sale of the logs to them, was acting as the agent of the plaintiff, and that the scale bills were not correct, but that, by the fraud of the plaintiff and the deputy surveyor, such bills were padded and made to represent a much larger quantity of logs than in fact had been scaled and delivered to them, and thereupon they respectively brought actions against the plaintiff, as such undisclosed principal, to recover the damages sustained by reason of the alleged fraudulent and padded scale bills; that in such actions by the purchasers of the logs the defendant was duly garnished on account of the verdict against him in this action; and, further, that on motion of the defendant the district court stayed further proceedings in this action until the actions by the purchasers of the logs against the plaintiff and the defendant's liability as garnishee therein shall be determined. The alleged newly discovered evidence, which was the basis of the defendant's motion for a new trial of the issues in this action, relates solely to the alleged fraud of the plaintiff and the deputy surveyor in padding the scale bills. Not all of the facts which we have indicated are conceded by the defendant's counsel, but they are all supported by the weight of the evidence, as disclosed by the paper book and the complete return.

It is quite obvious from such facts that, as stated by the learned trial judge, the only right the defendant can in good conscience claim is that he be protected in paying the money received by him, which is now represented by the verdict against him, to the persons who may show themselves entitled to it, and that this right is conserved by the stay of proceedings in this action until the question is determined.

This conclusion logically follows from the fact that the purchasers, with full knowledge of all the facts, have commenced actions for damages on account of the alleged padded scales, the correctness of which the defendant warranted, against the plaintiff, his undisclosed principal, to recover all the damages sustained by them by reason of the alleged fraudulent scales. If, then, it shall be determined in those actions that the scale bills were not padded, the plaintiff will be entitled to the full amount of his verdict in this action. If, however, it shall be determined that there was a fictitious scale, the purchasers will be entitled to recover the purchase price of the logs represented by such scale. In either event the defendant will be protected on his warranty of the scale bills. The order appealed from is right.

Order affirmed.

ELLIOTT and JAGGARD, JJ., dissent.