DWIGHT L. KINGSLEY

*vs.*

REMEMBRANCE R. GILMAN et al.

Under the provisions of *section* 106, *Ch.* 61, *Pub. Statutes,* (1858,) it was competent for a married woman, with the consent of her husband, to contract to convey her real property so that the contractee upon fulfill-

ing on his part could enforce specific performance, and it was not neces-
sary to the validity of her contract that it should be acknowledged.

This action was brought in the district court for Hennepin
county, to compel the specific performance of an executory
contract for the conveyance of land; the contract being a
bond for a deed executed by Remembrance R. Gilman and
her husband, to the plaintiff, for certain lands owned by Mrs.
Gilman as her separate property. The action was tried by
the court, without a jury, and judgment was rendered in
favor of defendants, and from which the plaintiff appeals to
this court. One question only is passed upon by the court,
which is sufficiently presented in the opinion.

J. B. GILFILLAN for Appellant.

A. H. YOUNG for Respondents.

*By the Court*—BERRY, J.—On the 12th day of September,
1865, Remembrance R. Gilman, being the owner of two
acres of land which she had acquired by grant after her mar-
riage, executed together with her husband, Francis Gilman,
a certain bond conditioned for the conveyance of the same
to the plaintiff. This action is brought to enforce specific
performance of the condition. The court below find that
the bond was insufficiently acknowledged by the said Re-
membrance, and that it is therefore void. All the other
facts material to the plaintiff's recovery are found in his
favor. We are of opinion that the bond was valid and bind-
ing upon the obligors without any acknowledgement. By
*section* 106, *page* 571, *Public Statutes*, it was provided that
"any real or personal estate which may have been acquired
by any female before her marriage, *   *   or to which she
may at any time after her marriage be entitled, by *   *

Kingsley v. Gilman et al.

\* grant, \* \* \* shall be and continue the real and personal estate of such female after marriage, to the same extent as before marriage : \* \* \* provided, that nothing in this section contained shall be construed to authorize any married woman to give, grant, or sell any such real or personal property without the consent of her husband, except by order of the district court of the county ; \* \* \* ." The language " to the same extent as before marriage," must mean "to the same extent as if she were sole." A *feme sole* owning land in fee simple, has the right, by virtue of, and as one of the attributes of ownership, to grant and convey it or to contract to do so; and if upon becoming a *feme covert* she has not the right to grant and convey it, or to contract to do so, then she is not owner to the *same extent* as if she were a *feme sole* ; her ownership is not so absolute, nor so *extensive*, and does not embrace so many rights as if she were sole. We are of opinion, then, that under the section cited, a married woman has the right with the consent of her husband to contract to convey her real property. And it is perhaps hardly necessary to add that as she has the right to contract, she has the right to make a valid, binding and effectual contract, so that the contractee upon fulfilling upon his part can enforce specific performance. *Yale vs. Dederer*, 18 *N. Y.*, 265 *and* 22 *N. Y.* 450. *Carpenter vs. Leonard*, 5 *Minn.*, 155. *Pond vs. Carpenter*, 12 *Minn.*, 430. *Williams vs. McGrade*, 13 *Minn.*, 52.

The only condition which the statute cited imposes upon the exercise of her right to make such contract is that it shall not be done without the consent of her husband. The consent was given in this case, for her husband joined with her in the execution of the bond. But it is urged, and was held by the court below, that this case is governed by *Section* 12, *Ch.* 35, *p.* 398, *Pub. St.*, which reads as follows : "When

vol. xv.—5

any married woman residing in this territory, shall join with her husband in a deed of conveyance of real estate, situate within this territory, the acknowledgment of the wife shall be taken separately, apart from her husband, and she shall acknowledge that she executed such deed freely and without any fear or compulsion from any one." The court below treat the bond in question as a "conveyance" of real estate. But by *Sec.* 30, *Ch.* 35, *Pub. St.* the word "conveyance" as used in that chapter, is expressly defined as not embracing "executory contracts for the sale or purchase of lands," the bond in this case is certainly a contract of that character. Neither would the words "deed of conveyance of real estate," in *Sec.* 12, above cited, include bonds of this kind according to any ordinary or authorized use of language. *Sec.* 68, *Ch.* 35, *Pub. St.*, as will be seen at a glance, does not render acknowledgment essential to the validity of bonds of this kind. At the time then when this bond was executed, there was, so far as we discover, no statute requiring a married woman to acknowledge her bond or contract to convey her real estate in order to make the same binding upon her, so as to support an action for specific performance. From these considerations it follows that the judgment rendered in favor of the defendants was erroneous, and the plaintiff is entitled to have the condition of the bond specifically performed.

It must be admitted that the policy of conferring upon a married woman authority to make a binding contract to convey her real estate without requiring her to acknowledge the execution of the same, a contract which she can be compelled to perform, is not easy to be reconciled with the policy which requires her, when she joins with her husband in a deed of conveyance of real estate, to acknowledge, separately, apart from her husband, that she executed such deed freely and without any fear or compulsion from any one.

But in view of recent legislation in reference to the rights and powers of *femes covert*, it is perhaps unnecessary to regard the distinction made as of special importance.

Judgment reversed.