N. E. SOLOMON *vs.* JOHN VINSON and another.

November 12, 1883.

Judgment by Default—Appeal—Complaint Sustained.—On appeal from a judgment entered upon defendant's default, the objection is here interposed for the first time that the complaint does not state a cause of action. *Held,* that the facts necessary to sustain the judgment are fairly and reasonably inferable from what is alleged in the complaint, and therefore, under the circumstances, the judgment should be sustained; following *Smith* v. *Dennett,* 15 Minn. 59, (81,) and other decisions of this court.

Complaint on Account for Goods Sold.—A complaint which alleges that the defendant is indebted to plaintiff on an account past due, for goods sold and delivered to defendant by plaintiff, (at a time and place named,) in a specified sum, and that the same is now due and has not been paid, states a cause of action; overruling *Foerster* v. *Kirkpatrick,* 2 Minn. 171, (210;) *Holgate* v. *Broome,* 8 Minn. 209, (243.)

Appeal by defendants from a judgment of the district court for Olmsted county.

*Chas. C. Willson,* for appellants.

*A. A. Crandall,* for respondent.

MITCHELL, J. Appeal from a judgment entered upon defendants' default. The objection is here interposed for the first time that the complaint does not state facts constituting a cause of action. The allegations of the complaint are "that on the 1st day of March, 1883, the defendants were indebted to the plaintiff on an account then past due, for goods sold and delivered to the defendants, (at a time and place specified,) in the sum of $241.13, and that the same is now due and owing plaintiff, and no part thereof has been paid." The objections to this complaint are that it does not allege that the goods were sold and delivered by plaintiff, and does not allege either that the defendants promised to pay the sum named, or that the goods were of that value. Conceding that, within the cases of *Foerster* v. *Kirkpatrick,* 2 Minn. 171, (210,) and *Holgate* v. *Broome,* 8 Minn. 209, (243,) this complaint would have been held bad on demurrer, we think the objection is not available on this appeal. From the·

facts that are alleged it is fairly inferable, by reasonable inference, that the goods were sold to defendants by the plaintiff, and that they amounted in value to the sum stated, and that defendants were to pay plaintiff that sum for them. Therefore, under the circumstances, the judgment ought to be sustained. *Smith* v. *Dennett*, 15 Minn. 59, (81;) *Drake* v. *Barton*, 18 Minn. 414, (462;) *Cochrane* v. *Quackenbush*, 29 Minn. 376; *Hurd* v. *Simonton*, 10 Minn. 340, (423.)

While this disposes of the present case, we deem it proper to add that we are not inclined to adhere to the doctrine of *Foerster* v. *Kirkpatrick* and *Holgate* v. *Broome, supra,* in which it was held that pleadings substantially like those in the present case (except that they contained an express allegation that the goods were sold and delivered "by plaintiff") did not state a cause of action, because they contained no allegation of value, or of a promise to pay the sum stated, and that, without one or the other of these, the allegation of indebtedness was a mere statement of a conclusion of law. Such a pleading contains all the allegations necessary to constitute a good *indebitatus* count in an action of debt at common law, and under that system of pleading it was just as necessary to allege the *facts* as it is under the Code. By fair and reasonable construction such a pleading implies, as language is usually understood, that the plaintiff had sold and delivered to defendant goods to the amount stated, and for which the latter was to pay the former that sum. It plainly advises the defendant that this is the claim made against him, and therefore sufficiently performs the office of a pleading. Laying aside all nice verbal criticisms, and considering it from a practical stand-point, there is no chance for a defendant to misunderstand what such allegations mean. In almost every state which has adopted the Code such a pleading is held good, and hence such forms are commonly given in works on code practice and pleading. Pomeroy on Remedies, § 542, and cases cited in note; *Allen* v. *Patterson*, 7 N. Y. 476; *Abadie* v. *Carrillo*, 32 Cal. 172; *Pavisich* v. *Bean*, 48 Cal. 364. This fact is entitled to some weight as a reason why we should bring ourselves in harmony on this question with the general current of authority in other states which have adopted the Code.

Judgment affirmed.