NILS BROMBERG and another *vs.* MINNESOTA FIRE ASSOCIATION.

February 9, 1891.

**Fire Insurance—Proof of Loss—Insufficient Objection to Evidence.**
By comparison of the allegation of the complaint in an action on a fire-insurance policy, as to the date of the loss and the date of furnishing proof of loss, with the provision of the policy as to the time within which such proof should have been furnished, it appeared that it was furnished one day too late. *Held*, that the objection to the admission of any evidence in the case on the ground that the complaint failed to state a cause of action, the evidence being plenary that proof of loss was seasonably furnished, was not sufficiently specific to call the attention of the court to the defect.

**Same—Waiver of Objections to Proof of Loss.**—Where the insurer, in response to notice of loss, sent to the insured a blank, apparently designed to be used in making proof of loss, and the insured so used it, filling it up with all the particulars of the loss of which the blank admitted, and sent it to the insurer, who retained it without objecting to its sufficiency, the insurer will be held to have waived the objection that it was not itemized with the detail required by the policy.

**Same—Defence of Misdescription of Policy—Evidence.**—One of the defences being that the policy had been avoided by the putting of a mortgage on the property covered by the policy by one of the assured, but there being no allegation in the answer that the property insured was not correctly described in the policy, parol testimony was not admissible to show that property not described was intended to be included, but was omitted from the policy by mistake, and, further, that its owner, one of the assured, had mortgaged the property thus omitted.

Appeal by defendant (formerly called the Minnesota Mutual Farmers' Fire Insurance Association) from an order of the district court for Kittson county, *Mills*, J., presiding, refusing a new trial after verdict of $1,225 for plaintiffs.

*P. C. Schmidt*, for appellant.

*H. Steenerson*, for respondents.

COLLINS, J.[1]  This action was brought to recover upon a fire-insurance policy issued to Bromberg and Nelson by defendant under its former corporative name.  To the complaint there was attached a copy of the policy, in which appeared the usual provision requiring the assured, in case of loss, to give immediate notice thereof to the association, and to make proof in a certain way within 30 days after the loss.  The fire was averred to have occurred on April 30th. To the allegation that plaintiffs had performed all of the conditions of the policy on their part, and had furnished due notice and proof of the loss on the 31st day of May, the defendant answered by denying due performance of the conditions, but admitting that the plaintiffs did, some time in the month of May, give to defendant notice of a fire, and did serve on it pretended proof of their loss, by fire, of the property described in the complaint, claimed and pretended to be covered by the policy.  On the trial it appeared that, immediately after the fire, defendant was informed of it by letter, and there came by mail at once a blank form, which plaintiffs filled out, and, after making oath to its correctness, remailed to the defendant's office at Minneapolis.  In response to a written demand that defendant produce plaintiffs' application for insurance, "proof of loss, and notice of loss," this document and the application were handed over and offered in evidence as part of plaintiffs' case.  The defendant objected to the so-called "proof of loss," on the ground that it was incompetent, irrelevant, and immaterial, as well as inadmissible under the pleadings.  No further attempt was made by plaintiffs to show a compliance with that clause in the policy requiring proof of loss to be made within 30 days, and, when plaintiffs rested, defendant moved that the court direct a verdict in its favor, particularly because no proof of loss had been made as required, which motion was denied.  The plaintiffs relied upon this paper as proof of loss, while defendant contends that it was merely notice of loss.  The paper was gotten up by the defendant, and in this case forwarded by it to plaintiffs in reply to a notice that a portion of the insured property had been destroyed by fire.  Printed interroga-

[1]Vanderburgh, J., took no part in this case.

tories were found therein, designed to be and which were answered by the assured in the blank spaces left for the purpose. These answers were as to the date and number of the policy, the amount of the insurance in the aggregate, the amount on each of the articles said to have been destroyed, with the loss on each, total cash value, ownership of the property, supposed origin of the fire, and other matters in reference to the loss, required by the terms of the policy. Little skill was needed to fill out the blank, and in it would then be found everything demanded by the terms of the policy, except, perhaps, in some matters of detail. It is evident from the blank itself, and the manner in which it was completed by plaintiffs, that all of the information required by defendant was fully furnished under oath. Although printed upon the back of this paper were the words "Notice of loss," we have no doubt that it was sent for the express purpose of having it filled out and used as proof of loss, that nothing further in that direction was expected, and that it was regarded as such proof when the adjuster for defendant company went upon plaintiffs' premises, soon afterwards, for the avowed purpose of adjusting the loss. In fact, upon the trial, defendant's counsel continually called the paper "proof of loss," until after plaintiffs rested their case, and he was allowed to amend his answer by inserting the word "notice" in the admission before referred to, in place of the words "pretended proof." The defendant cannot change the force and effect of this instrument by naming or indorsing it "notice of loss." Its character and sufficiency as proof must be determined from what is found therein,—its contents. From these it is obvious that it was proof of the destruction of the property, and not merely notice of its destruction, as defendant insists. The blank used by plaintiffs in making this proof was furnished by defendant company, and if not, when filled out, as complete as demanded by the policy, the responsibility for the omission and failure must be attributed to the company, not to the parties who were led into adopting and using the form.

The counsel further says that a preliminary objection to the reception of any testimony under the complaint, on the ground that it failed to state a cause of action, should have been sustained, and

hence the order denying a new trial must be reversed. As has been said, the complaint stated that the fire occurred April 30th; that the policy contained a clause requiring proof of loss to be made within 30 days thereafter; and, further, that such proof was furnished May 31st. This was more than 30 days after the fire. It is plain from the record before us that at no time during the trial was the attention of the court or of the plaintiffs' counsel called to the fact that in this respect the complaint was defective, asserting as it did that the proof was furnished one day too late. During the trial the controversy over the proof of loss was in regard to its sufficiency as found in the paper referred to, not as to what was asserted in the complaint concerning the date on which the plaintiffs furnished it. Nor was there any dispute in respect to what the testimony indicated on this point. The proof was sworn to, as appeared on its face, on May 10th; the plaintiffs testified that it was mailed immediately, (in the northern part of the state,) while, from an indorsement made on the paper itself by defendant company, it appears to have been received by it at Minneapolis on May 13th. The testimony clearly justified the conclusion of the jury manifested by a special finding—drawn by defendant and submitted at its request—that plaintiffs duly complied, on their part, with all the conditions of the policy. In the allegation in the complaint respecting this date of May 31st, it was averred that plaintiffs had duly and faithfully performed all of the conditions of the policy on their part. While this allegation, taken as a whole, was ambiguous and probably inadequate, it could have been amended easily according to the fact, had attention been called to the point, and the allegation thus made clear and sufficient. We cannot regard such a technical objection with favor, made, as it is, on appeal, for the first time in the case. See *Smith* v. *Dennett,* 15 Minn. 59, (81;) *Drake* v. *Barton,* 18 Minn. 414, (462.)

The defendant further contends that certain testimony which tended to show that these plaintiffs were in partnership, and as partners owned the property destroyed, should have been excluded. The application for insurance on which defendant issued its policy was made out by defendant's solicitors on plaintiffs' premises after full information concerning plaintiffs' title and business methods. They were farm-

ing in partnership upon land held under the homestead laws of the United States, and also upon land owned by a railway company. There was no misrepresentation or misunderstanding on this point. According to the application and the policy, the insured property was situated on sections 7, 19, and 20 in a certain township and range, an exceedingly general description. Two houses, one barn, a granary, horses, mules, harnesses, cattle, grain, wagons, household furniture, farming implements, utensils, and machinery were covered by the policy. The loss alleged was of the barn, horses, mules, harnesses, wagons, farming implements, utensils, and machinery. The answer averred that all of the property said to have been burned, except the mules, was owned by Nelson, and that Bromberg had no interest in the same. It was quite material that these plaintiffs jointly owned the property, and there was no error in permitting them to show the exact relationship existing between them. If they were partners in farming operations, and the property involved was partnership property, proof thereof established joint ownership, and a right to recover in that capacity.

At the time the application was made and the policy issued, Bromberg resided with Nelson in a house upon the land described in both of these instruments. He then had a homestead entry upon a tract of land in section 34, upon which a house had been built. Although this section was not mentioned in either application or policy, it was claimed by defendant, on the trial, that one of the insured houses was that of Bromberg's on section 34, and, further, that as he had perfected his title to the homestead after the policy was issued, and then mortgaged the land without obtaining defendant's consent, and contrary to the terms of the policy in regard to incumbrances, plaintiffs could not recover at all.

There was no allegation in the answer under which proof could have been received as to an erroneous description of the real property upon which the houses or either of them were situated, and there was nothing in the testimony from which the jury could have found that the house upon section 34 was one of the houses mentioned in the policy. The most that could be extracted from the evidence on this point was that, in fact, there was but one house upon the land

described, and also that Bromberg actually had a house upon his homestead, which had been erected by both of these plaintiffs.    Even if admissible under the pleadings, the proof fell short of what is claimed for it by defendant.    There was an allegation in the answer, as amended on trial, that Bromberg had, after the issuance of the policy, and without the defendant's consent, mortgaged a part of the land mentioned and described therein, and on which the insured buildings were situated, to one Kelso.    But this allegation could not be proved by testimony, offered by defendant and excluded by the court, that Bromberg had mortgaged a tract of land in section 34 to one Tucker.    It follows that the court did not err in its ruling.

We have examined all of the numerous assignments of error made by appellant, and find none, except those above referred to, which need special mention.

Order affirmed.