### BOAK FISH COMPANY v. MANCHESTER FIRE ASSURANCE COMPANY.[1]

November 22, 1901.

Nos. 12,830—(92).

**Fire Insurance—Evidence.**

In an action on a fire insurance policy, to recover for a loss, *held*:

1. That the policy covered the property as to which the loss was contested, and that the evidence was sufficient to sustain the finding of the jury to the effect that the loss of the property, which was injured by water, was directly due to the fire, and that the plaintiff made all reasonable exertions to save the property after the fire.

2. That the trial court did not err in its rulings in the admission of evidence on the questions whether the property was covered by the policy, and as to the plaintiff's exertions to save the property after the fire.

[1] Reported in 87 N. W. 932.

Action in the district court for Ramsey county to recover $410.74 and interest upon a policy of fire insurance. The case was tried before Bunn, J., and a jury, which rendered a verdict in favor of plaintiff for the sum demanded. From an order denying a motion for judgment in its favor notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Brown & Kerr*, for appellant.

*S. C. Olmstead*, for respondent.

START, C. J.

Action on a policy of fire insurance, which was in the standard form. The amount of the loss was agreed upon, and it was admitted that the plaintiff was entitled to recover $189.30, but the defendant denied any liability for the balance of the loss. Verdict for the plaintiff for the full amount of the loss, and the defendant appealed from an order denying its motion for a new trial.

The questions raised by the assignments of error are:

1. That the policy did not cover the property as to which the loss was contested. The description of the property and its location were designated in the policy as

"Fish in packages, and packages containing same, while contained in the four-story brick, composition-roof building, known as 'Thurston's Cold Storage Warehouse,' situate 207–211 Eagle street, St. Paul, Minnesota."

A fire occurred during the life of this policy which destroyed a large portion of the main part of the warehouse therein described. The property in controversy was at the time of the fire in an annex or extension of the main part of the warehouse, which was four stories high, while the annex was only one story high. On the trial the court received, over the objection and exception of the defendant, oral evidence establishing the fact that this annex was an essential part of the warehouse described in the policy. The trial court, upon this evidence and the policy, held, as a question of law, that the property in the annex was covered by the policy. If the evidence was competent, there can be no question as to the correctness of the court's decision, for the evidence

was practically conclusive that the annex was a part of the warehouse described in the policy.

The question is, then, whether the court erred in receiving the evidence. It is true, as urged by defendant's counsel, that, where the identity of the building designated in a fire insurance policy is in dispute, extrinsic evidence is not admissible to show that a building other than the one described in the policy was intended to be covered by it. Collins v. St. Paul F. & M. Ins. Co., 44 Minn. 440, 46 N. W. 906; Bromberg v. Minnesota F. Assn., 45 Minn. 318, 47 N. W. 975. But such is not this case, for the evidence to which objection was made was properly received, not for the purpose of showing that a building other than the warehouse designated in the policy was also intended to be covered by it, but for the purpose of showing of what the warehouse in fact consisted, and that it included the annex, as an essential part thereof. Cargill v. Millers & Mnfrs. Mut. Ins. Co., 33 Minn. 90, 22 N. W. 6; Pettit v. State Ins. Co., 41 Minn. 299, 43 N. W. 378. The trial court did not err in receiving the evidence, nor in holding that the property in the annex was covered by the policy.

2. Was the loss of the fish in the annex due directly to the fire which injured the main part of the warehouse? The evidence showed that there was no fire in the annex, and that no part of the plaintiff's property in the annex was injured by heat or fire. On the contrary, it is conceded by the plaintiff that the fish were destroyed by moisture. But it claims that this moisture came directly from water used in extinguishing the fire in the main part of the warehouse, which got into the annex. On the other hand, the defendant's contention is that no water from the fire engines found its way into the annex, and that the damage to the property was due to its exposure for a long time after the fire to the natural temperature then prevailing, and to the humidity caused by dampness on the floor of the annex. The question of fact raised by the respective claims of the parties was clearly and correctly submitted by the trial court to the jury, and their verdict thereon is fairly sustained by the evidence.

3. The last general question is whether the plaintiff after the

fire made all reasonable exertions to save and protect the property, as it was required to do by the terms of its policy. Incidental to this question are several questions as to the correctness of the rulings of the trial court in admitting over the objections of the defendant certain evidence offered by the plaintiff upon the main question. The fire occurred on July 23, 1900, but the fish in the annex were not removed prior to the 30th of the same month, when they were found to be spoiled. There was evidence tending to show that the fish would have become moldy and spoilt in three days if kept in a moist place, but there was no evidence that the plaintiff knew prior to July 30 that any water had gotten into the annex.

The evidence objected to by the defendant related to the control and management of the warehouse by the manager of the storage company, and the location of plaintiff's property in the annex; to his statements made to the plaintiff's manager as to when he could remove the goods; to his agreement to notify the plaintiff's manager when they could be gotten out, and the latter's reliance thereon. We are of the opinion that this evidence was properly received upon the question whether the plaintiff used all reasonable efforts to save and protect the property after the fire. It is true that the storage company was a bailee of the property for the plaintiff, but its negligence, if any, in matters as to which the plaintiff had no right to control or direct it, such as the control of the warehouse and the orderly removal of goods therefrom after the fire, cannot be imputed to the plaintiff.

Recurring now to the main question, it must be conceded that the evidence is not entirely satisfactory as to the diligence used by the plaintiff to get its goods out of the warehouse before they were spoiled. The trial judge might well have granted the motion for a new trial in the exercise of his discretion. But, upon a consideration of the whole record, we have reached the conclusion that it was not an abuse of his discretion to deny the motion, for the evidence on this question was sufficient to take the case to the jury.

Order affirmed.