## JOSEPHINE KUBESH v. SIMON HANSON.[1]

### November 4, 1904.

### Nos. 14,080—(56).

**Vacating Judgment.**

Action to set aside a judgment against the plaintiff recovered in justice court on the ground that it is void. *Held*:

1. Defects in the pleadings in a civil action—for example, the failure of the complaint to state facts constituting a cause of action—do not render a judgment void. It is valid unless reversed or set aside on appeal, or by some other appropriate proceeding in the action.

2. The complaint in the action in justice court is sufficient as against an objection made for the first time after judgment.

3. The evidence sustains the finding of the trial court that the summons in the action in which the judgment was entered was duly served on the defendant therein.

Appeal by plaintiff from an order of the district court for Renville county, Powers, J., denying a motion for a new trial. Affirmed.

[1] Reported in 101 N. W. 73.

*J. M. Freeman,* for appellant.
*John J. Schoregge,* for respondent.

STABT, C. J.

Action in equity to set aside a judgment against the plaintiff obtained in justice court by default, and for an injunction enjoining its collection on the ground that the judgment is void as to her. The trial court made findings of fact in favor of the defendant, and directed judgment to be entered dismissing the action on the merits. The plaintiff. appealed from an order denying her motion for a new trial.

The reasons alleged in the complaint, and here urged, why the judgment in question was void, are that the. complaint in the action in which the judgment was rendered did not state facts sufficient to constitute a cause of action, and, further, that the summons was never served on the defendant therein, the plaintiff; hence the justice had no jurisdiction in the premises. The judgment was recovered in the justice court against the plaintiff herein and her husband, John Kubesh, for the sum of $74.45.

The complaint in that action was to the effect following: That at the dates hereinafter mentioned the defendants were, and still are, husband and wife and partners in business; that on July 28, 1897, the plaintiff recovered a judgment against the defendant John Kubesh for the sum of $53.60; that said judgment has not been paid, set aside, nor annulled in any way, and still remains in full force and effect; that some time prior to the entry of this judgment the defendant Josephine Kubesh obtained the title of certain lands, the property of the said John Kubesh, with the understanding that she should pay the debts of the said John Kubesh, it being part of the consideration of the transfer of the land to her, and especially this claim in particular; that then and thereafter the said Josephine Kubesh became jointly liable on this judgment; that, though payment of said judgment has been demanded of these defendants, and each of them, no part of same has ever been paid. Wherefore, plaintiff demands judgment against the above-named defendants, and each of them, jointly and severally, for the sum of $53.60.

A judgment is never void for error if the court has jurisdiction over the person of the defendant and the subject-matter of the action.

Therefore defects in the pleadings in a civil action—for example, the failure of the complaint to state facts constituting a cause of action—do not render a judgment void. It is valid unless reversed or set aside on appeal or by some other appropriate proceeding in the action. An independent action in equity to set aside a judgment cannot be resorted to as a substitute for a demurrer to a defective pleading. 1 Freeman, Judg. § 135; 17 Am. & Eng. Enc. (2d Ed.) 1069.

It appears, however, from the record in this case that the parties stipulated in the district court that, if it should be held that the complaint in the action in the justice court did not state a cause of action as to the plaintiff herein, then judgment should be entered in her favor, but, if the court held otherwise, then this action should stand for trial. The district court held the complaint sufficient, and proceeded with the trial.

Counsel for both parties have urged in this court the question whether or not the complaint was sufficient. Assuming, for the purposes of this case only, that by virtue of the stipulation the question of the sufficiency of the complaint is here material, we hold that it is sufficient when attacked in any form for the first time after judgment. In such a case the question is not whether the complaint would be held good on demurrer, for, where the question of the sufficiency of a pleading is first raised after judgment, it will be sustained if, by any reasonable inference or intendment, a cause of action or defense, as the case may be, can be spelled out of the matters alleged therein. Smith v. Dennett, 15 Minn. 59 (81); Solomon v. Vinson, 31 Minn. 205, 17 N. W. 340; Slater v. Olson, 83 Minn. 35, 85 N. W. 825. It may be fairly gathered from the complaint here in question, when read and construed in accordance with the rule stated, that the property of the husband of the defendant therein was transferred to her, in consideration of which she promised to pay his debts, of which the claim of the plaintiff was one. Therefore the complaint was sufficient as against an attack first made after judgment.

The only other reason urged for setting aside the judgment and enjoining its collection is that it is void because the summons in the action was never served on the defendant therein. The record on this appeal shows that the plaintiff on the trial introduced oral and documentary evidence tending to show that the summons in the original action was

never served upon her. The defendant gave in evidence the original summons with the return of the officer thereon, which was to the effect that the summons was duly served upon the plaintiff by reading it to her and leaving with her a true copy thereof. He also introduced other evidence tending to show that the summons was in fact so served. The trial court, upon the evidence, found that such summons was in fact duly served on the plaintiff. The evidence is ample to sustain this finding, which sustains the conclusions of law of the trial court to the effect that the justice had jurisdiction of the plaintiff, that the judgment against her was valid, and that this action be dismissed.

Order affirmed.