.D. T. COLLINS v. SCHOOL DISTRICT NO. 39, ST. LOUIS COUNTY.[1]

May 12, 1911.

Nos. 17,015—(136).

**Complaint — sufficiency after judgment.**

    A complaint, as against an objection first made after judgment, is sufficient to sustain the judgment if, from the allegations contained in the complaint, facts constituting a cause of action can reasonably be inferred.

Action in the municipal court of Chisholm, in which plaintiff secured judgment by default. From the judgment, defendant appealed to the district court for St. Louis county where judgment was ordered for plaintiff by default. From an order, Dibell, J., denying defendant's motion to vacate the judgment in favor of plaintiff for $204.56, defendant appealed. Affirmed.

*W. G. Bonham,* for appellant.

*D. T. Collins,* pro se.

SIMPSON, J.

In this case judgment upon default was obtained by plaintiff against the defendant in the municipal court of Chisholm. The defendant appealed from such judgment, and in the district court of St. Louis county judgment was again entered against defendant upon its default. The defendant then moved to vacate the judgment, which ·

[1] Reported in 131 N. W. 322.

motion was denied. The defendant appealed from both the judgment and order denying the motion to vacate.

The only question raised or discussed upon the appeals taken is the sufficiency of the complaint to sustain the judgment. The complaint sets out the indebtedness sued on, but does not set out the facts necessarily involved in the legal creation of such debt. The complaint would be held bad on demurrer. But the test of the sufficiency of a complaint, after judgment by default, differs from the test on demurrer. In Kubesh v. Hanson, 93 Minn. 259, 101 N. W. 73, the applicable rule is stated as follows: "In such a case the question is not whether the complaint would be held good on demurrer; for, where the question of the sufficiency of a pleading is first raised after judgment, it will be sustained if, by any reasonable inference or intendment, a cause of action or defense, as the case may be, can be spelled out of the matters alleged therein." Smith v. Dennett, 15 Minn. 59 (81); Solomon v. Vinson, 31 Minn. 205, 17 N. W. 340; Slater v. Olson, 83 Minn. 35, 85 N. W. 825; Peach v. Reed, 87 Minn. 375, 92 N. W. 229; Halvorsen v. Orinoco Mining Co., 89 Minn. 470, 95 N. W. 320.

The complaint identifies the indebtedness upon which judgment is sought, and identifies the transaction by which it is claimed the debt was created. The transaction referred to, though not properly pleaded, is of a nature out of which a valid indebtedness of the defendant might arise. The complaint is sufficient to sustain the judgment.

The judgment, and the order refusing to vacate the same, are affirmed.