MICHAEL H. MCCARTHY, APPELLEE, v. EDMOND H. BENEDICT ET AL., APPELLANTS.

FILED NOVEMBER 28, 1911. No. 16,421.

1. **Mortgages: FORECLOSURE: FRAUD.** An assignee of a mortgage which has not been recorded, who brings an action to foreclose the same after a decree has been entered against the original mortgagee canceling the mortgage in an action to which the assignee was not a party, is not necessarily chargeable with fraud in so doing.

2. **Judgment: VALIDITY: PETITION.** The fact that a petition in district court fails to state a cause of action as against a general demurrer will not render the judgment of the court thereon void for want of jurisdiction, if it shows that the plaintiff has or claims a cause of action which is so identified in the petition as to enable the court to determine whether it is of such a nature as to be within the jurisdiction of the court.

3. **Trial: STIPULATIONS: APPEAL: REHEARING.** When stipulations of fact in an action are improvidently made by mistake of the parties, the court has discretion to relieve the parties from the consequences thereof. The court cannot limit the right of the parties in a civil action to dispose of their interests as they see fit, and when, after issue joined, they agree upon the facts that

shall be submitted to the court for its judgment, and submit the case to the trial court thereon, and again upon appeal submit the cause to this court upon the same record, no attempt having been made to correct the stipulation, this court will ordinarily upon motion for rehearing consider such stipulation as containing the true facts in the case for the purpose of determining the motion.

4. **Quieting Title: DECREE: RECORDING ACT.** The party obtaining a decree quieting title to real estate may cause an exemplification of that decree to be recorded in the office of register of deeds, and, if he fails to do so, he cannot claim the benefits of the recording act as against one whose instrument of title is first recorded.

OPINION on motion for rehearing of case reported in 89 Neb. 293. *Rehearing denied.*

SEDGWICK, J.

A statement of the case may be found in the former opinion of this court in 89 Neb. 293. A motion for rehearing was filed accompanied by brief, and argument was had upon the motion.

1. It is stated in the brief that this action is predicated upon the fraud of the defendant Benedict. We do not so regard it. The defendant brought his action in the district court to foreclose the mortgage which he claimed to own by virtue of an assignment from the original mortgagee. If his rights as assignee of the mortgage were not barred by the prior action to quiet title, he was entitled to a decree of foreclosure. He began his foreclosure proceedings, making the parties in whose name the title appears of record defendants, and, if the mortgage which he held by assignment was a lien upon the land, he cannot be charged with fraud in attempting to assert that lien.

2. In our former opinion it was said that, if the district court acquired jurisdiction over the parties to the suit (to quiet title), the decree would be binding and final as to them, "provided the petition stated a cause of action." It is argued strenuously in the brief that the decree would be binding whether the petition

stated a cause of action or not. This contention is immaterial in this case because the decree to quiet title is in the opinion assumed to be binding upon the parties to that decree, and, because the defendant in the case at bar was not a party to that action, the decree therein is held not to bar his action to foreclose the mortgage. We might, however, suggest that it was not intended to say in the opinion that a petition, in order to give the court jurisdiction, must state a cause of action as against a general demurrer or motion, but it must state sufficient at least to show that the plaintiff has or claims a cause of action which is sufficiently identified in the petition to enable the court to determine whether it has jurisdiction of such a proceeding.

3. The plaintiff now contends that we erred in our former opinion in considering the stipulation of facts upon which the case was tried and submitted in the court below, and in not taking judicial notice that some of the facts stipulated by the parties are inconsistent with the record of this court in another action in which these parties were interested and which involved the same subject matter. There is no doubt that, when stipulations of fact in an action are improvidently made by mistake of the parties, the court has discretion to relieve the parties from the consequences thereof. In such case the parties should act promptly and call the attention of the trial court to the mistake of fact in the stipulation, and, when that mistake is clearly found with a proper showing of diligence, the courts generally correct such mistake. The parties have a right to dispose of their interest as they see fit, and when, after the issues are joined in the case, they agree upon the facts that shall be submitted to the court for its judgment, and make that agreement a part of the record in the case, and so submit the case to the trial court for its decision, they ought ordinarily to be bound by the decision that is made in accordance with those facts. If afterwards, without making any attempt to correct

their stipulation of facts, they bring their case to this court upon appeal and again submit the case upon the same stipulation of facts, they cannot complain of a decision that is made in accordance with that stipulation.

4. The final and most important question presented in this motion and brief is as to the rights of the assignee of a mortgage whose assignment is not recorded. It is held in our former opinion that a decree in an action to quiet title, in which the original mortgagee was a party defendant, would not be binding upon the holder of a note and mortgage by assignment "unless he were made a party to the suit and jurisdiction obtained over him." Upon further consideration of the matter we are satisfied that this holding is right in this case. Our recording act has been many times construed by this court, and it has been uniformly held that instruments affecting real estate that are required to be recorded are void as to subsequent purchasers in good faith without notice "whose deeds, mortgages, and other instruments, shall be first recorded." Comp. St. 1911, ch. 73, sec. 16. One who seeks to bar outstanding interests in real estate that are not recorded must himself comply with the recording act, and, unless he records evidence of title, he cannot avail himself of the provisions of the act. This would appear to apply as well to one whose interest in real estate is evidenced by a judgment or decree of court. Comp. St. 1911, ch. 73, sec. 23: "Any exemplification of any decree, or judgment in partition on final decree in chancery affecting real estate, may in like manner be recorded in the office of the register of deeds in any county in which any real estate described therein may be situated." It does not appear that any exemplification of the decree in the action to quiet title was recorded in the office of the register of deeds before the defendant's assignment of his mortgage was recorded, and therefore this plaintiff is not in a position to avail himself of the provisions of the recording act as against the assignee of the

mortgage who was not a party to the action to quiet title.

For these reasons, the motion for rehearing is

OVERRULED.