# W. A. ALDEN and Another v. WILLIAM KAISER.[1]

March 20, 1913.

Nos. 17,807—(202).

**Contract construed.**

1. Contract for a retail automobile sales agency and for the future purchase of cars by the agent, whereby a deposit of $200 was provided for, and its receipt acknowledged, the first $100 to be applied on the contract for five cars, and to be retained by the seller until the last car was shipped under the contract, and the other $100 to be applied on the first car ordered, and whereby it was agreed that the agent was to "purchase five cars, optional," construed, and *held* not to give the agent the right to forfeit the deposit and terminate the contract, but merely to authorize him to select, at his option, the cars purchased from a list of cars and prices set out in the contract; his obligation to purchase five cars being contractually absolute.

**Award of damages sustained.**

2. The allegation of the complaint and the finding of the court concerning damages *held* sufficient, after judgment, to sustain an award of the profits which the plaintiff would have made if the defendant had fulfilled his obligation to purchase the five cars as provided in the contract.

[1] Reported in 140 N. W. 343.

Action in the district court for Hennepin county to recover $775 upon a written contract. The defendant defaulted. The case was tried before John Day Smith, J., who made findings and ordered judgment in favor of plaintiffs for $539.60. From the judgment entered pursuant to the order, defendant appealed. Affirmed.

*J. N. Searles,* for appellant.

*George S. Grimes* and *Gordon Grimes,* for respondents.

PHILIP E. BROWN, J.

Action to recover damages in the sum of $775 for the breach of an executory contract for the purchase of automobiles on future delivery. Judgment was rendered against the defendant for $539.60 and interest, and he appealed therefrom.

The court, following the allegations of the complaint, found: That on October 7, 1910, the parties entered into a contract in writing substantially as follows: For the purpose of securing the agency for and the right to sell at retail the Paterson automobiles in five named counties in Minnesota and Wisconsin, during the season of 1911, the defendant agreed to deposit with the plaintiffs $200, the first $100 to be applied on the contract for five cars, and to remain in the possession of the plaintiffs until the last car was shipped under the contract, and the other $100 to be credited on the first car ordered. The provision of the contract in this regard is: "The receipt of which [the $200] is hereby acknowledged; and I [the defendant] agree to purchase five cars, optional. Paterson automobiles at the list price less a discount of 20 per cent f. o. b. Flint, Mich., subject to sight draft attached to bill of lading, said automobiles to be shipped as follows. As ordered. * * * All deliveries shall be deemed complete when on board cars at Flint, Mich., and that an additional deposit of $100 on each car shall be made with the order for shipment, which sum is to be deducted from sight draft." Then follows a guaranty on the part of the plaintiffs and a provision that they shall not be held liable for failure to ship cars "as per their agreement, which may be caused by fire, strike, insurrection, or other causes beyond [their] control." Following this is a list of models and prices, naming different kinds of automobiles, with their respective prices.

The findings continue that under the terms of the contract the defendant secured and had the agency for the sale of the Paterson automobiles in the counties mentioned during the season of 1911 as specified in the contract and during its existence, and that under its terms he ordered and the plaintiff delivered to him one of the five cars mentioned, for which payment was made; that the defendant, during the period of the contract, refused to take or accept the delivery of four of the cars, which, by the contract, he had agreed to purchase, and has refused and neglected to specify or order any of the four cars; that the plaintiffs have at all times been ready, willing and able to deliver these four cars to the defendant; that the defendant deposited with the plaintiffs under the contract $100 on the purchase price of the five cars mentioned therein. The court, in its conclusions of law, awarded the plaintiffs $539.60, with interest, allowing the defendant, however, in the computation, the $100 theretofore deposited. One other finding of fact regarding damages is set out in subdivision 2 of this opinion.

1. The defendant argues that if the word "optional," as used in the contract, is to be given any force as modifying its conditions, it should be held that it gave the defendant the right to buy or not to buy the automobiles or to stop ordering them at any time. Furthermore he contends that this word should not be construed as referring to a right of selection from the list of models and prices set out in the contract, for the reason that he had such right in any event; the word "optional" being inserted for the purpose of affording him the privilege of losing the $200 deposited if he saw fit, rather than to order any cars, or to continue ordering cars at any time, and also that the clause "and agree to purchase five cars, optional," gave him the right to lose his $200 by not ordering any cars, and thus to escape other liability.

The evident purpose of the deposit was to secure the performance of the contract on the defendant's part, and it cannot be said that the parties, by the provision in question, intended to liquidate the damages resulting from the defendant's breach. We cannot, therefore, sustain the defendant's theory. The contract provides that he agrees "to purchase five cars, optional, * * * to be shipped

121 M.—8.

\* \* \* as ordered." There is nothing to indicate that he had any other right than to select the five cars from the models named in the contract and to apply the first $100 specified on their purchase price. We hold that his contractual obligation was to purchase five cars.

2. The defendant's other assignments of error relate to the award of damages, which, as we have stated, was for the sum of $539.60. The judgment appealed from was entered on default. Subsequently the defendant moved the court to vacate the judgment and for leave to answer. This motion was denied, and the defendant appealed from the judgment. No question is raised as to the correctness of the order denying this motion. We should, then, assume that the order was right, and as the defendant, though duly served, defaulted, he thereby, in effect, conceded that the allegations of the complaint were true, leaving only the extent of his liability, if any, to be determined by the court upon the evidence adduced.

The defendant's grievance on this branch of the case is that the plaintiffs were entitled to nominal damages only, under the allegations of the complaint, and hence it is contended that the court's action in awarding them "profits" was erroneous. The sole question thus involved, no evidence being returned, is the sufficiency of the complaint and the findings to warrant the court's award of special damages. 1 Dunnell, Minn. Dig. § 344.

The allegation of the complaint in this regard is as follows: "That if said cars specified in said contract had been specified and ordered and delivered and paid for in accordance with the terms and conditions of said contract, plaintiffs could and would have made a profit thereon and in the sale thereof, under the terms of said contract, in the sum of seven hundred seventy-five dollars. That by reason of the facts above set forth plaintiffs have suffered and sustained damages in the sum of $775.00, with interest thereon since July 21st, 1911."

The finding concerning damages reads: "That if defendant had taken and paid for said four cars, in accordance with the terms of said contract, plaintiffs would have made a profit thereon of $639.-60."

It is clear, from this quotation and the one next above, that the court must have considered the matter of the plaintiffs' right to the ·

recovery adjudged. The rule as to the sufficiency of a complaint as against an objection first made after judgment, as stated by Mr. Justice Simpson in Collins v. School District No. 39, 114 Minn. 307, 131 N. W. 322, following other cases and quoting from the opinion of Chief Justice Start in Kubesh v. Hanson, 93 Minn. 259, 101 N. W. 73, is: "In such a case the question is not whether the complaint would be held good on demurrer; for, where the question of the sufficiency of a pleading is first raised after judgment, it will be sustained if, by any reasonable inference or intendment, a cause of action or defense, as the case may be can be spelled out of the matters alleged therein."

In that case the rule was applied to sustain a complaint where the indebtedness sued on was alleged, but the complaint did "not set out the facts necessarily involved in the legal creation of such debt." The court said in its opinion: "The complaint identifies the indebtedness upon which judgment is sought, and identifies the transaction by which it is claimed the debt was created. The transaction referred to, though not properly pleaded, is of a nature out of which a valid indebtedness of the defendant might arise. The complaint is sufficient to sustain the judgment."

This language is especially apt when applied to the present case, for it is inherent in the facts alleged and found that the plaintiffs might have suffered the special damages awarded. Mr. Dunnell, in his Minnesota Practice, § 1833, states the rule to be: "When the sufficiency of a pleading is questioned for the first time on appeal, every reasonable intendment is indulged in its support. It will be sustained if it contains the essential facts of a cause of action or defense even by remote inference." See, also, Getty v. Village of Alpha, 115 Minn. 500, 133 N. W. 159.

Now, as to the sufficiency of the finding, the rule is that findings should not contain evidentiary facts, but must state the ultimate ones. They must include all the facts essential to the judgment and upon which it is based. The test is, Would they be sufficient to authorize a judgment if presented in the form of a special verdict? 3 Dunnell, Minn. Dig. § 9851.

Tested by these rules, we hold: (1) The allegation of the com-

plaint concerning special damages is sufficient after judgment; and (2) on the principle that the greater includes the less, as the complaint is sufficient, the finding must be deemed so. Moreover, the presumption is, the evidence not being returned, that the finding was sustained by the proofs.

Judgment affirmed.