(No. 5487.   May 17, 1930.)

THE UNITED STATES NATIONAL BANK OF PORTLAND, a Corporation, Appellant, v. A. HUMPHREY, Trustee, etc., Appellant, v. C. D. ELDREDGE and Wife, L. L. EVANS, Sr., BOISE–PAYETTE LUMBER COMPANY, a Corporation, et al., Respondents.

[288 Pac. 416.]

Bissell & Bird and A. Humphrey, for Appellant
Humphrey.

Platt, Platt, Fales, Smith & Black and F. M. Bistline, for
Appellant U. S. National Bank of Portland.

John W. Jones and Guy Stevens, for Respondent Boise-Payette Lumber Co.

McNAUGHTON, J.—This is an action to foreclose a contract of purchase, but the ultimate purpose is to determine who among the parties has succeeded to the interest of L. L. Evans to 120 acres of land described in the complaint. Upon the trial the district court found and decreed title in the Boise-Payette Lumber Company by virtue of a judgment entered in favor of the lumber company in an action to foreclose a materialman's lien. Appellants, by their assignments on appeal, specify error of the trial court in giving credence to this judgment. In this behalf they claim the court, in the lien foreclosure decree, acted beyond and in excess of jurisdiction conferred by the complaint, and, therefore, claim the lien foreclosure judgment is void as to the interest of Evans.

The basic facts are these: On the 30th of April, 1920, Evans, then the owner of the lands in question, entered into a contract for the sale of these lands to C. D. Eldredge for $6,000; one thousand of which was paid on the date of the contract and the balance of $5,000 was to be paid at the rate of $1,000 and accrued interest each year. Title was to remain in Evans until the purchase price was paid. C. D. Eldredge, pursuant to the contract, went into possession.

On the seventh day of July, 1921, the Lumber Company filed a claim of lien against this land and the buildings thereon for $734.75. On January 7, 1922, complaint for

the foreclosure of this lien was filed. Eldredge and his wife and Evans were made parties defendant. At the time of filing the complaint a *lis pendens* was filed. The rights claimed by the plaintiff are based upon an assignment subsequent to this *lis pendens,* and the rights claimed by the defendants other than the Lumber Company are based upon judgments and execution sales subsequent to the *lis pendens.*

The complaint for the foreclosure of the lien, among other allegations, charges, ''That the said lumber and materials were furnished and delivered under the said contract to the said defendants C. D. Eldredge and Mrs. C. D. Eldredge, husband and wife, for the purpose of constructing the said dwelling-house, barn and outbuildings upon the said premises with the knowledge and consent of the said defendant L. L. Evans.'' The prayer was for the foreclosure of the lien and the sale of the lands and improvements.

It is claimed by the defendants that these allegations were not sufficient to subject to the lien the interest of Evans, who held the legal title.

C. S., sec. 7344, provides:

''The land upon which any building, improvement or structure is constructed, together with a convenient space about the same, or so much as may be required for the convenient use and occupation thereof, to be determined by the court on rendering judgment, is also subject to the lien, if, at the commencement of the work or of the furnishing of the material for the same, the land belonged to the person who caused said building, or improvement or structure to be constructed, altered or repaired, but if such person owns less than a fee simple estate in such land, then only his interest therein is subject to such lien.''

It is claimed the complaint was clearly subject to demurrer. However, the defendant Evans did not demur.

The main issue before us is purely one of law. Was the judgment entered in the lien foreclosure action beyond the jurisdiction of the court as conferred by the summons

and complaint? The service was personal and there is no question of the court having jurisdiction of the parties in the lien foreclosure case. There is no question of the court's power in a proper case to entertain jurisdiction of the subject matter, i. e., the foreclosure of the lien filed, to its full extent. Clearly the purpose of the suit contemplated by the complaint was to invoke this power and to subject the title of all the defendants in these lands to the lien.

The question here is not whether the complaint was good or bad in the proper exercise of this power, because this is a collateral attack and error cannot be complained of. The question of jurisdiction is purely a question of power in the court to determine rights of the parties to an action. The only question here is whether the complaint called this power into action.

Let us suppose Evans had appeared and demurred to this complaint. By his appearance he would have conferred no greater jurisdiction than was conferred by personal service of the summons and complaint. Let us suppose the court sustained the demurrer on the ground that the complaint did not specifically state, in the language of the statute, that Evans caused the improvements in question to be constructed. Suppose further, plaintiff refused to amend and judgment was entered dismissing the complaint as to Evans and his interest in the land. Would not such judgment, in the absence of appeal be final so far as the subjection of Evans' interest in the land was concerned? This would adjudicate the lien as to his interest. No one would be heard to say the court did not have jurisdiction in such case to determine the question as to whether the lien claim extended to Evans' interest in the land.

The question presented here has frequently been before the courts of other jurisdictions. In *Christerson v. French,* 180 Cal. 523, 182 Pac. 27, 28, the California court announces the rule as follows:

"The respondent contends further that the judgment is void because the complaint fails to state a cause of action. It is well established that a judgment is not void if the court has jurisdiction of the parties and of the subject matter, irrespective of whether the complaint states a cause of action or not, so long as it apprises the defendant of the nature of the plaintiff's demand."

The Oklahoma court has said:

"Where the court has jurisdiction of the subject-matter and the parties with power to grant relief, the fact that the petition may be defective in stating a cause of action, if the relief sought by the petitioner can be ascertained, the judgment rendered thereon is not void." (*Stauffer v. Watts*, 73 Okl. 68, 174 Pac. 1031, 1032.)

The Minnesota court has announced the rule applicable as follows:

"A judgment is never void for error if the court has jurisdiction over the person of the defendant and the subject-matter of the action. Therefore defects in the pleadings in a civil action—for example, the failure of the complaint to state facts constituting a cause of action—do not render a judgment void." (*Kubesh v. Hanson*, 93 Minn. 259, 101 N. W. 73.)

The Nebraska court said in *McCarthy v. Benedict*, 90 Neb. 386, 133 N. W. 410, in the syllabus by the court:

"The fact that a petition in district court fails to state a cause of action as against a general demurrer will not render the judgment of the court thereon void for want of jurisdiction, if it shows that the plaintiff has or claims a cause of action which is so identified in the petition as to enable the court to determine whether it is of such a nature as to be within the jurisdiction of the court."

Also, in *Lemon v. Hubbard*, 10 Cal. App. 471, 102 Pac. 554, 555, a case very similar, the supreme court of California quotes with approval the following rule:

"If the object of a plaintiff can be ascertained from the allegations of his complaint, and the court has power to grant the relief demanded, and jurisdiction of the parties,

the judgment is not vulnerable to a collateral attack, although the complaint may in fact be bad in substance. (*Brush v. Smith,* 141 Cal. 470, 75 Pac. 55; *Crane v. Cummings,* 137 Cal. 202, 69 Pac. 984.)''

The question testing the validity of a judgment for want of being responsive to issues tendered by the complaint has not, so far as we can find, been before the Idaho courts in a purely collateral proceeding. The doctrine has been invoked however, in a direct proceeding to modify a judgment on that ground.

In *Gile v. Wood,* 32 Ida. 752, 188 Pac. 36, 37, the action was for the foreclosure of a real estate mortgage. The complaint merely stated that the respondent claimed some interest in the land. No money judgment against respondent was prayed for. He did not appear. In the decree a money judgment for deficiency after sale was entered. Respondent moved to vacate that part of the judgment, which motion was granted. On appeal this court said:

'' 'In addition to the jurisdiction of the parties and the subject matter, it is necessary to the validity of a judgment that the court should have jurisdiction of the question which its judgment assumes to decide, or of the particular remedy or relief which it assumes to grant . . . . ' (23 Cyc. 684; *Munday v. Vail,* 34 N. J. Law, 418; *Waldron v. Harvey,* 54 W. Va. 608, 102 Am. St. 959, 46 S. E. 603; *Standard Savings & Loan Assn. v. Anthony Wholesale Grocery Co.,* 62 Okl. 242, 162 Pac. 451, L. R. A. 1917D, 1029; *Sharp v. Sharp,* 65 Okl. 76, 166 Pac. 175, L. R. A. 1917F, 562; *Sache v. Wallace,* 101 Minn. 169, 118 Am. St. 612, 11 Ann. Cas. 348, 112 N. W. 386, 11 L. R. A., N. S., 803.)

''It was beyond the jurisdiction of the district court to order a deficiency judgment entered against respondent, because the complaint did not contain an allegation that he was indebted to appellant. The portion of the decree providing for a deficiency judgment against respondent was void on its face, and, that fact having been brought to the attention of the trial court, it was its duty to make

the amendment complained of. (*People v. Davis*, 143 Cal. 673, 77 Pac. 651; *Grannis v. Superior Court*, 146 Cal. 245, 106 Am. St. 23, 79 Pac. 891.)''

In *Miller v. Prout*, 33 Ida. 709, 197 Pac. 1023, a motion to strike affirmative relief in a judgment was granted on the ground that such matter was illegal as not being responsive to any allegation of the complaint, and was affirmed on appeal, the court following and approving the rule announced in the case of *Gile v. Wood*, *supra*.

The second syllabus in *Jensen v. Gooch*, 36 Ida. 457, 211 Pac. 551, wherein it is said: ''A judgment based upon a complaint that does not state facts sufficient to constitute a cause of action is void,'' is misleading, for in that case the decision holds the district court had jurisdiction to act but as a matter of fact acted erroneously, and this court corrected the error. Although the complaint was bad in that case, this court found jurisdiction and required the correction of the error.

■■ We think jurisdiction to enter a judgment is dependent upon a complaint showing such jurisdiction. If, however, there is enough in the complaint to clearly apprise the defendant of the basis, nature and extent of the claim made, and the court has jurisdiction of the parties and such claim or subject matter, it is sufficient to challenge judicable inquiry, and a judgment entered in accord therewith is invulnerable to collateral attack even though, in point of law, the complaint fails to state a good cause of action, and might be subject to general demurrer.

We think the district court, upon the personal service of the summons and complaint filed, had jurisdiction of the parties and of the subject matter, and was empowered to determine the extent and effect the lien claim had upon Evans' title. The plaintiff submitted for litigation the effect of this lien upon the real property, asking that the interests of the defendants be subjected to it. We think the matter was and should have been litigated in that action. This we hold, without finding the complaint good as against an appeal. Error may have been committed. That is a

matter the district court could not consider, nor can we, upon collateral attack. Inasmuch as this ruling disposes of the case we deem it unnecessary to consider other points raised by the assignments.

The judgment is affirmed. Costs to respondent.

Givens, C. J., and Budge, Lee and Varian, JJ., concur.