[Civil No. 3289. Filed June 13, 1933.]

[22 Pac. (2d) 833.]

## FRANK C. HAWKINS and MARTHA HAWKINS, His Wife, Appellants, v. CONRAD M. LEAKE, Appellee.

Mr. C. I. McReynolds, for Appellants.

Mr. J. H. White, for Appellee.

McALISTER, J. — On November 16, 1931, Frank C. Hawkins, and his wife, Martha Hawkins, made and delivered their promissory note for $318.45, payable one year after date, to Conrad M. Leake, and to secure its payment executed the same day in favor of the latter a chattel mortgage on certain print-

ing machinery, type and accessories and delivered it. The mortgage was placed of record the following day.

On January 25, 1932, the defendant, Frank C. Hawkins, made and delivered a promissory note for $334.68 to the defendant, F. A. McKinney, and to secure its payment executed at the same time in favor of the latter a chattel mortgage on the identical property described in the mortgage to Leake and delivered it.

Notwithstanding the note to Conrad M. Leake did not mature until November 16, 1932, and notwithstanding neither it nor the mortgage contained an acceleration clause, he commenced an action to. collect it on February 15, 1932, and in the prayer of his complaint asked not merely that he have judgment thereon but also that the chattel mortgage dated November 16, 1931, and given as security therefor, be foreclosed, the property sold at public sale, and the proceeds thereof applied to the payment of the amount found due.

The defendants were served personally but did not answer and the default of each was entered on March 22, 1932. Thereupon, a trial of the matter *ex parte* was had and it resulted in a judgment for the plaintiff in the amount of the note and an order foreclosing the mortgage lien and directing that the property be sold under special execution and that the proceeds be applied to the satisfaction of the indebtedness of plaintiff. The sale was had on May 26, 1932, after proper notice, and the plaintiff bid the property in for $25 and took possession of it under an order of the court directing its delivery to him.

On June 15, 1932, defendants filed a motion to set the judgment aside and allow them to defend the suit upon the ground that the court was without jurisdiction to render the judgment for the reason that the complaint did not state facts sufficient to constitute a cause of action in that it disclosed upon its face

that the indebtedness was not then due and could not become due before the date of maturity, November 16, 1932, because neither the note nor the mortgage contained an acceleration clause. There was filed at the same time in support of the motion to vacate an affidavit of merits signed by the defendant, Frank C. Hawkins. The motion was denied and the defendants have brought the matter here for review.

Appellants have assigned a number of errors but they each grow out of one main contention and that is that the court had no jurisdiction to render a judgment that the indebtedness evidenced by the note was then due. If it did not have this power, the denial of the motion to vacate was error, and this is true whether the failure to answer was excusable or not, though if jurisdiction did exist and the court merely rendered an erroneous judgment, one that the facts did not justify but which could be corrected on appeal, the denial of the motion to vacate was within its power (Black on Judgments, 2d ed., vol. 1, par. 329), and the only way the ruling could be reversed in this proceeding would be by showing that the failure to answer was the result of facts of such a nature that it constituted an abuse of discretion to hold that the neglect was not excusable. However, none of the assignments are based upon the view that there was a sufficient showing to bring the failure to answer within the excusable class, appellants' sole reliance being upon the contention that the judgment is void and should be set aside, regardless of the cause of appellants' default. Hence, it is necessary to determine only whether the court had jurisdiction to render the judgment it did.

The claim that the court lacked jurisdiction is, as just stated, based upon the contention that the note did not become due until November 16, 1932, one year after the date of execution, and that neither it nor the mortgage contained an acceleration clause. The

principal of the note did not by its terms become due before maturity, and the interest, which was payable quarterly, became a part of the principal to be paid at the date of maturity if not satisfied when due, instead of merely advancing the due date of the note, as such failure often does. The court, however, evidently took the view that the effect of the following provision in the chattel mortgage was to accelerate the due date of the note:

"But if default shall be made in the payment of said sum of money, or interest thereon, at the time said note shall become due, or if any attempt shall be made to remove, dispose of or injure said property or any part thereof by said parties of the first part, or any other person, or if said parties of the first part do not take proper care of said propety, or *if said party of the second part shall at any time deem himself insecure,* then, thereupon and thereafter it shall be lawful, and the said first parties hereby authorize him, the second party, his administrators, heirs or assigns, or his authorized agent, to take said property wherever the same may be found, and hold or sell and dispose of the same and all equity of redemption, at public auction or private sale, with or without notice, and on such terms as the said party of the second part or his agent may see fit, retaining such amount as shall pay the aforesaid note and interest thereon." (Italics ours.)

The complaint alleges that due to the fact that defendant later placed another mortgage on the personal property in question without plaintiff's knowledge or consent, either written or oral, and contrary to his wish and the laws of Arizona, he deemed his security for the indebtedness insecure and that pursuant to the terms of the chattel mortgage held by him he demanded of the defendants, Frank C. Hawkins and Martha Hawkins, that they release to him the mortgaged property in order that he might dispose of it in accordance with the terms of the mortgage or

pay him the indebtedness but that they refused to do either.

The position of appellants is that the complaint does not state facts sufficient to constitute a cause of action and that this being true the court had no jurisdiction to hear and determine the case. It is clear that the complaint states no cause of action and that a general demurrer to it, if interposed, should have been sustained, because the quoted provision of the mortgage, which the trial court must have concluded effectuated an acceleration of the maturity of the indebtedness, does not provide that when the mortgagee deemed himself insecure the note should become due, or that suit could be brought thereon prior to the date of maturity, but merely authorizes him, in that event, to take possession of the property and hold it, or sell it and retain as much of the proceeds as necessary to pay his note. This provision was placed in the mortgage for the specific purpose of making it possible for the mortgagee under certain contingencies to take possession of the security either with or without the aid of the court in order that he might protect himself from loss as a result of acts the mortgagor might commit affecting it while under his control, and not to advance the due date of the note. No interpretation of which the language used is susceptible justifies the view that the power to take possession of and hold, or sell the mortgaged property and retain the proceeds, carried with it the power to declare the note it secured due before the date fixed by the parties. The only right it conferred on the mortgagee prior to default was to deal with the security in a particular way when he deemed it insecure and this did not include the right to have declared due within four months after it was executed and delivered a note that the parties themselves had agreed should not become payable un-

til one year thereafter. The security clause is not an acceleration clause and has no effect whatever on the terms of the note, the primary contract.

However, the fact that the complaint states no cause of action does not mean that the court had no jurisdiction of the same and that its judgment was void. If the facts alleged in a complaint do not show that the plaintiff is entitled to the relief asked for and awarded by the judgment it is sought to vacate, the court's action in holding it sufficient and rendering judgment accordingly is not void but merely erroneous. Defects in a statement of a cause of action do not go to the question of jurisdiction. ''The validity of a judgment,'' to quote the language used in 34 C. J. 560, ''cannot be impugned by showing . . . that the complaint did not state facts sufficient to constitute a cause of action, if it contained sufficient matter to challenge the attention of the court as to its merits.'' *In re James*, 99 Cal. 374, 33 Pac. 1122, 37 Am. St. Rep. 60; *In re Ross' Estate*, 180 Cal. 651, 182 Pac. 752; *Sidwell* v. *Kaster*, 289 Mo. 174, 232 S. W. 1005; *Camplin* v. *Jackson*, 34 Colo. 447, 83 Pac. 1017; *Kubesh* v. *Hanson*, 93 Minn. 259, 101 N. W. 73; *Whitford* v. *Whitford*, 100 Ark. 63, 139 S. W. 653; *Jarrell* v. *Laurel Coal & Land Co.*, 75 W. Va. 752, 84 S. E. 933, L. R. A. 1916E 312. In *Dryden* v. *Parrotte*, 61 Neb. 339, 85 N. W. 287, the court used this pertinent language:

''Whether the facts stated in the petition constituted a cause of action, and entitled the plaintiffs to relief, was a judicial question which the trial court had authority to consider and decide; and it is a universal principle—an axiom of the law—that, where a court has jurisdiction of both the subject-matter and the parties, power to decide implies authority to decide either way,—to reach either a right or a wrong conclusion, — and, in conformity therewith, to pronounce a judgment that will be conclusive upon the

litigants and those in privity with them, unless reversed, vacated, or modified in an appellate or other direct proceeding instituted for that purpose. The sufficiency of the petition is not a test of jurisdiction. Although it may be defective in substance, it will support a judgment if the court has authority to grant the relief demanded, and the facts upon which the demand is based are intelligibly set forth."

The court had jurisdiction of the parties and jurisdiction of the subject matter with which the cause of action dealt, viz., a suit on a promissory note and a foreclosure of a mortgage lien securing it, and the fact that the ruling that the insecurity clause in the mortgage accelerated the due date of the note was erroneous did not have the effect of rendering the judgment void. If a proper objection to the sufficiency of the complaint had not been sustained the only way to have secured this relief was by appeal.

This being true it becomes unnecessary to determine, first, whether appellee could arbitrarily and without reasonable cause deem himself insecure, or whether his action in invoking this clause must be in good faith and based upon such apprehensions as would cause a reasonable man to act, and, second, whether the subsequent execution and delivery by the mortgagor of a mortgage covering the same property to F. A. McKinney without the written consent of appellee constituted reasonable ground for deeming himself insecure. Both propositions are discussed in the briefs and would require attention here were it true that the insecurity clause, instead of authorizing the mortgagee merely to take possession and hold, or to sell and retain, had the effect of accelerating the maturity of the note and, consequently, of authorizing a judgment for the amount thereof before it became due, but since no such result followed its inclusion in the instrument a discussion of them is unnecessary.

The judgment was not rendered without jurisdiction; hence, the order denying the motion to vacate for that reason is affirmed.

ROSS, C. J., concurs.